No. 5922.

EMMA AND B. L. AYCOCK *v.* WILLIAM H. KIMBROUGH ET AL.

1. PAROL PARTITION OF LAND.—A parol partition of lands among joint tenants or tenants in common is not within the statute of frauds nor the statute regulating the transfer of real estate by married women.

2. PRACTICE.—A plaintiff failing to show any interest in lands partitioned can not complain of any error in the partition proceedings dividing such lands.

3. REGISTRATION.—A parol partition is not affected by the registration laws. Subsequent to such partition, a levy of an execution upon lands allotted to others than the defendant in execution, would not affect the rights of those holding under the partition.

4. IRREGULAR GRANT OF NEW TRIAL.—In civil cases the district courts have authority to set aside all orders, judgments and decrees of the term. Such judgments and order setting them aside can not have the effect of estopping the parties from again litigating the questions involved.

APPEAL from Falls. Tried below before the Hon. B. W. Rimes.

This suit grew out of the following state of facts: Henry Morris died in August, 1877, in Falls county, not indebted and intestate, leaving as his heirs Mrs. Perkins, Mrs. Price and Mrs. Kimbrough, all married, and two sons, A. P. and J. R. Morris. Henry Morris left two town lots in Marlin, upon one of which he had his homestead, and one hundred acres of land near by in the country. On November 14, 1873, appellant recovered a judgment against A. P. Morris for one hundred and fifty-six dollars; execution issued within the year; the next execution was issued on November 20, 1878, and levied same day on the interest of A. P. Morris in the above one hundred acres of land. Suit was filed by Mrs. Perkins, Price and Kimbrough, joined by their husbands, against the sheriff and B. L. and Emma Aycock and A. P. Morris, the plaintiffs claiming to be sole owners of the land, praying that the sale of the land be enjoined and that they be quieted in their title. A temporary injunction was granted, but afterwards dissolved and the land sold under said execution by the sheriff to B. L. Aycock, he taking deed for the benefit of his wife to one undivided one-fourth interest in the land. Aycock and his wife then filed cross bill in said injunction suit, setting up their title and asking for a partition and to be quieted in their title. A trial was had at the January term, 1885, of said court, resulting in a judgment for Aycock and wife to one undivided one-fourth interest in the land, and appointing commissioners to divide it. A. P. Morris had never appeared in the case by attorney, and the attorneys for plaintiffs withdrew from the case before the rendition of judgment. On the day afterwards said attorneys, who had before this represented the plaintiffs, came again into court, and for the first time appeared for the defendant A. P. Morris and moved in his behalf to set aside said judgment, which was granted, the court not having then adjourned for the term. The motion to set aside the judgment was resisted by Aycock, and the granting of it is complained of in this appeal. At the July term of the court thereafter a trial was again had before the court, without a jury, and resulted in a judgment for appellees, quieting them in their title and possession. The court found special issues of fact; those deemed material are in substance as follows:

1. That A. P. Morris had been a married man and the head of a family since 1867, and had resided on the lot described in

his answer since before 1877, and continued to reside thereon with his family until 1880, when he sold it.

2. Soon after the death of Henry Morris, in 1877, it was verbally agreed among the heirs of Henry Morris that A. P. Morris should have the house and lot described in his answer, being an acre of land in Marlin; that Mrs. Kimbrough, Perkins and J. R. Morris should have the one hundred acres of land and Mrs. Price the other town lots.

4. That on October 9, 1879, persons selected by the parties partitioned said property in writing, as had been before verbally agreed upon.

5. That each claimed the land as agreed on, from the date of the parol partition.

6. Mrs. Kimbrough and Perkins have been all the time married women.

8. That on the eighteenth of December, 1877, the heirs of Henry Morris conveyed said one hundred acre tract to J. R. Morris, and the same day J. R. Morris executed to W. H. Kimbrough power of attorney to sell same land and divide the proceeds equally between A. P. Morris and Mrs. Kimbrough, Perkins and Price; the deed and power were duly recorded a few days after execution.

9. That the persons who made the written partition of Henry Morris's estate in 1879, charged A. P. Morris two hundred dollars for rent of house allotted to him.

10. That Kimbrough, in 1883, sold the one hundred acres of land under power of attorney, and proceeds, as far as collected, have been paid Mrs. Kimbrough, Perkins and J. R. Morris—none has been paid to A. P. Morris.

11. That the judgment rendered at the January term in favor of Aycock and wife was set aside on the motion of A. P. Morris at the same term of the court, and that he had filed no pleading in the cause until after the rendition of said judgment.

12. The verbal partition was valid and the land not subject to the execution.

_Emma Aycock_ and _B. L. Aycock_, for themselves, cited, Revised Statutes, 4334, 4339; Aycock v. Kimbrough, 61 Texas, 543; Russell v. Farquhar, 55 Texas, 363; Baird v. Trice, 51 Texas, 555; Grace v. Wade, 45 Texas, 523; Berry v. Donly, 26 Texas, 748; Goff v. Jones, 63 Texas, 255; Parker v. Beavers, 19 Texas, 410.

*Goodrich & Clarkson*, for appellees, cited, Stuart v. Baker, 17 Texas, 419; Houston v. Sneed, 15 Texas, 309; Glasscock v. Hughes, 56 Texas, 473; Gibbons v. Bell, 45 Texas, 423; George v. Thomas, 16 Texas, 89; Jinkins v. Volz, 54 Texas, 639; Clements v. Lacey, 51 Texas, 150.

MALTBIE, JUDGE. It is insisted that the court erred in not sustaining Aycock's general demurrer to the defendant A. P. Morris's answer—said answer asserting that the one hundred acres of land had been allotted to Mrs. Perkins, Kimbrough and Price in a parol partition of George Morris's estate among his heirs, in the year 1877, the two former being married women. It has been long settled that a parol partition of lands among joint owners or tenants in common is not within the statute of frauds. (Houston v. Sneed, 15 Texas, 309; George v. Thomas, 16 Texas, 89; Stewart v. Baker, 17 Texas, 419.) That some of the parties to the partition are married women is not believed to be a valid objection to such partition, or at all events that it would not be void and subject to a collateral attack on that account. Married women, it is true, can only convey their real estate in the way pointed out by the statute; but a partition of lands is neither within the statute of frauds nor the statute regulating the transfer of real estate of a married woman—a parol partition being a division, but in no sense a conveyance of lands, and only vesting the equitable title of the respective shares in the tenants to whom allotted; the legal title remaining as before the partition, but held in trust for the benefit of those holding the equitable interest. There was no error in overruling the demurrer. It is claimed that there was error in the judgment of the court partitioning the lands belonging to George Morris's estate among his heirs, on account of the contradictory allegations in the petition of plaintiffs and the answer of the defendant A. P. Morris—the petition alleging a partition by mutual deeds in 1878, and the answer alleging a parol partition in 1877. It not being apparent that said decree, if erroneous, could affect appellants—it having been determined in this suit that they had no interest in the land partitioned—we are of opinion that they can not be heard to complain.

It is next asserted that the court erred in not finding that the suit, as against appellants, was collusive and fraudulent, and

brought and conducted to defeat the collection of their debt. If there was a parol partition of the land in the year 1877, in which the one hundred acre tract was allotted to the sisters of A. P. Morris, said partition being prior to the levy of appellants' execution on the twentieth day of November, 1878, their title being equitable and not within the operation of the registration laws, was not subject to levy and sale under appellants' execution; and there could be no fraud in resisting appellants' attempt to subject their land to the payment of A. P. Morris's debt. The court found that the partition was made in 1877, as claimed, and that there was a written partition in 1879 confirming the verbal partition, which the court in this case again approved and confirmed; and there being sufficient evidence to authorize the finding, though there may have also been circumstances calculated to throw suspicion upon some of the evidence upon which the finding was predicated, under repeated decisions of the Supreme Court, the finding will not be disturbed, there being nothing in the record inconsistent with its truth.

The last complaint is that "the court erred in not holding the defendant A. P. Morris and the plaintiffs estopped by the judgment rendered at the January term, 1885, against the plaintiffs and in favor of appellants, plaintiffs having abandoned the suit before the rendition of said judgment, and the judgment having been set aside solely on the motion of A. P. Morris, he never having before that time appeared in the case, and the attorneys that had before that time represented the plaintiffs then appearing for A. P. Morris, and that A. P. Morris, having been silent for six years, should not then be permitted to come into court and reopen the case upon a new issue." It was no doubt a very great irregularity for the court to permit A. P. Morris to appear under the circumstances of the case and favorably entertain his motion for a new trial. Why it was done the record fails to disclose. But it is undoubtedly the law in Texas that district courts in civil matters have authority to set aside all orders, judgments and decrees of the term when made either with or without a motion.

Having this complete authority over its records, the setting aside judgments or the granting of new trials, whether rightfully or not, can not estop the parties thereto from again litigating the question involved, nor could the action of the court

in an appeal be held to be error, as no judgment can be appealed from unless it is final.

There being no error in the record of which appellants can complain, we are of opinion that the judgment should be affirmed.

*Affirmed.*

Opinion adopted November 18, 1887.

WILLIE,

*Chief Justice.*