## SOUTHERN SURETY CO. v. BROWN.
### (No. 1191.)

(Court of Civil Appeals of Texas. El Paso.
May 19, 1921. Rehearing Denied June
30, 1921.)

**1. New trial ⊜155—Motions for new trial to be determined at term at which motion made.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2025, court is without authority to determine a motion for new trial at a term subsequent to that during which motion is made.

**2. Appeal and error ⊜387(2)—Bond held not filed in time.**

Where final judgment was January 8, an appeal bond filed on March 20 was not filed in time to confer jurisdiction upon the appellate court under Vernon's Sayles' Ann. Civ. St. 1914, art. 2084.

Appeal from Eastland County Court; R. I. Rust, Judge.

Action by M. L. Brown against the Southern Surety Company. Judgment for plaintiff, and defendant appeals. Appeal dismissed.

E. F. Cameron, of El Paso, D. M. Mason, of Dallas, and T. H. McGregor, of Austin, for appellant.

Harrison, Cavin & Key, of Eastland, and H. C. Peyton, of Brownwood, for appellee.

HARPER, C. J. This action was brought by M. L. Brown against the Southern Surety Company for $691.50. Tried before the court, and judgment entered of date 8th day of January, 1920.

A motion for new trial was filed January 8, 1920. An amended motion for new trial filed March 5, 1920, and overruled of same date. The transcript shows that the term of court at which this order was entered began March 1, 1920, and ended June 12, 1920.

[1] It will be noted that the motion acted upon was filed and acted upon at a subsequent term of the court. The court was without authority to do so at that time. Article 2025, R. S. (V. S.) provides:

"All motions for new trial in arrest of judgment or to set aside a judgment shall be determined at the term of the court at which such motion shall be made."

See Ætna Ins. Co. v. Dancer (Com. App.) 215 S. W. 762.

[2] The appeal bond in this case was filed on the 20th day of March, 1920. The date of final judgment being January 8, 1920, the bond was not filed in time to confer jurisdiction upon this court. Article 2084, Rev. Civ. Stat.

The appeal must therefore be dismissed. So ordered.