SOUTHWEST NAT. BANK et al. v. AUSTIN.
(No. 9871.)*

(Court of Civil Appeals of Texas. Dallas.
Dec. 12, 1926. Rehearing Denied Jan.
22, 1927.)

Appeal and error ⊂⇒397—To perfect appeal from district court in county having two or more such courts, notice of appeal in open court is necessary (Rev. St. 1925, art. 2092, subd. 31; arts. 2093, 2253).

Under Rev. St. 1925, art. 2092, subd. 31 and article 2093, relating to practice in, and on appeal from, district courts in counties having two or more district courts with civil jurisdiction only, there being nothing therein to the contrary, notice of appeal in open court, as provided by article 2253, applicable generally, where not superseded by contrary provision, is necessary.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action between the Southwest National Bank and others and C. O. Austin. From judgment for the latter, the former appeal. Appeal dismissed.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.
Crane & Crane, of Dallas, for appellee.

PER CURIAM. This is a motion filed by appellee to dismiss the appeal, on the ground that the record, as shown by the supplemental transcript herein, affirmatively shows that no notice of appeal was given in the lower court. It is contended by appellant that under the Practice Act applying to district courts in Dallas county no notice of appeal is required to perfect an appeal to this court, and this states the question to be determined in disposing of this matter.

This Practice Act is embraced in the subdivisions of article 2092, Revised Statutes 1925. Subdivision 31 of said act reads as follows:

"*Appeal Bonds Filed, When.*—In appeals from such civil district courts the appeal bond shall be filed within thirty days after the judgment or order appealed from is rendered, if no motion for new trial is filed, and if a motion for new trial is filed, the appeal bond shall be filed within thirty days after the motion for new trial is overruled. In such appeals the statement of facts and bills of exception shall be filed within ninety days after the judgment is rendered if there is no motion for new trial, but if there is a motion for new trial then ninety days after motion for new trial is overruled. When a statement of facts or bills of exception is presented to the adverse party or his attorney it shall be returned within five days signed by the attorney of such adverse party if found correct, and if found incorrect shall be returned within

that time with a written statement of the objections thereto."

Article 2093 of this Practice Act reads as follows:

"*Rules in Other Courts Apply.*—All inconsistent laws and rules of practice and procedure shall be inoperative in the civil district courts of the class included within this chapter, but shall not be affected by this law in so far as they relate to other district courts. All laws and rules of practice and procedure provided for other district courts shall continue in effect and operate and be observed in the civil district courts of the class covered by this law. In all trials and proceedings not provided for herein, the general rules of practice and procedure provided for in other district courts shall be the rules of practice and procedure in the civil district courts of the class included herein."

Article 2253, Revised Statutes, reads as follows:

"*Appeal Perfected.*—In cases where an appeal is allowed, the appellant shall give notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which notice shall be noted on the docket or record in the minutes of the court, and filed with the clerk together with an appeal bond or affidavit in lieu thereof as provided by law. Such bond or affidavit shall be filed with the clerk of the trial court within twenty days after the expiration of the term or after notice of appeal is given when the term continues by law more than eight weeks, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

The terms of article 2253 are applicable to appeals from all courts in this state, except those district courts that are embraced within the terms of article 2092. To such last-named courts all the terms of said article 2253 that are in conflict with the terms of article 2092 do not apply, but all the terms in said article that are not in conflict with, or superseded by, the terms of article 2092 are continued in force, and are still applicable to said district courts.

That the provision of article 2253 requiring notice of appeal to be given in open court within a required time, in order to perfect an appeal to this court, is not superseded by any provision in subdivision 31 of article 2092, or by any other subdivision of said article, plainly appears from an analysis of the terms of these said articles of the statute.

The conclusion, therefore, is inevitable that, in order to perfect an appeal from a district court in Dallas county, it is necessary to comply with the provision of article 2253 requiring the giving, in open court, of notice of appeal.

The motion to dismiss the appeal is sustained.

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 16, 1927.