**CITIZENS' NAT. BANK OF WACO v. BILL-INGSLEY et al. (No. 546.)\***

Court of Civil Appeals of Texas. Waco. June 30, 1927.

Rehearing Denied Sept. 29, 1927.

**1. Bills and notes ⬅467(2)—Petition in action on note alleging that plaintiff is sole owner, without alleging method of obtaining ownership, is good as against general demurrer.**

Petition in action on note alleging that plaintiff was sole owner, and not alleging method by which he obtained ownership or possession, is good as against a general demurrer.

**2. Courts ⬅37(3)—Filing cross-action seeking to have lien given preference and parol partition declared invalid held to give district court jurisdiction to determine priority of liens and validity of partition.**

Where, in action on note given as part of purchase price on land which thereafter had been partitioned by parol between makers of note, and to foreclose lien securing note, bank claiming trust deed and attachment liens on undivided half interest in land filed cross-action to have its lien declared a first lien on entire tract and sought to hold parol partition invalid, *held*, bank by filing cross-petition invoked jurisdiction of district court and clothed it with authority to determine priority of liens, land which was subject to them, and to declare said parol partition valid.

**3. Frauds, statute of ⬅68—Partition ⬅5—Valid parol partition by joint owners may be made and is not prohibited by statute of frauds.**

A valid, enforceable, parol partition of land can be made by joint owners and is not prohibited by the statute of frauds.

**4. Attachment ⬅175—Except as affected by registration statutes, attaching creditor acquires no greater interest in land than that owned by debtor.**

Except as abrogated by reason of registration statutes, the rule is that an attaching creditor acquires no greater interest in land than that owned by debtor.

**5. Partition ⬅5—Joint owner actually possessing, cultivating, and improving portion of land obtained on parol partition holds it free from attachment or trust deed lien given subsequently by co-owner.**

Where joint owners of land partitioned it by parol and each went into actual possession and cultivated and made valuable improvements on his separate portion, one of them was entitled to hold his portion as against any attachment or deed of trust lien that the other gave after such partition.

Appeal from District Court, Falls County; E. M. Dodson, Judge.

Action by J. B. Billingsley and others against the Citizens' National Bank of Waco.

From the judgment, defendant appeals. Affirmed.

F. M. Fitzpatrick, of Waco, for appellant. Bartlett, Carter & Rice, of Marlin, for appellees.

BARCUS, J. In 1913, B. F. and J. A. Smith, brothers, purchased 126 acres of land in Falls county, paying $2,300 in cash and executing their four notes for $1,000 each, they having a verbal agreement at said time that B. F. Smith would pay notes 1 and 2, and J. A. Smith notes 3 and 4, and that the land would then be partitioned between them, each taking one-half thereof. The time of payment of the notes was extended, and in January, 1922, B. F. Smith paid the second of his two notes, and J. A. Smith had paid one of his notes. At said time, January, 1922, J. A. and B. F. Smith went on the land and measured it off and divided same, B. F. Smith taking the south half, and J. A. Smith the north half thereof. J. A. Smith at said time agreed that he would pay the unpaid note, and he arranged with the holder thereof for an extension of the time of payment for another year. At the time of the parol division of the land the two brothers drove a stake in the middle of the east and west sides of the land and had a furrow run dividing same in the north and south halves, which division line has been maintained since said date. B. F. Smith at once took actual possession of the south half and has since said date cultivated, used, and rendered same for taxes, and has made valuable improvements thereon. J. A. Smith at once took possession of the north half and has since said date been in actual possession and control thereof and has had same rented and paid the taxes thereon; and neither of said brothers has at any time since said date made any claim to the rentals from or to the land set aside by the parol partition to the other. Appellee Billingsley brought this suit on the last of the four $1,000 notes given by B. F. and J. A. Smith as part of the purchase price of the land and to foreclose the lien securing same on the entire 126 acres. B. F. Smith, by cross-action, claimed that his brother's 63 acres should be first sold to satisfy the said debt. Appellant Citizens' National Bank claimed to have a deed of trust lien as well as an attachment lien on the J. A. Smith undivided half interest in the entire 126-acre tract, and claimed that the entire tract should be sold to pay appellee's note. The cause was tried to the court and resulted in, a judgment being rendered for appellee Billingsley foreclosing his lien on the entire tract, but directing that the J. A. Smith 63 acres be sold first, and giving appellant bank a foreclosure of its deed of trust and attachment liens on the J. A. Smith 63 acres, and

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Writ of error refused November 30, 1927.

decreeing the parol partition of the land as made between J. A. and B. F. Smith in 1922 valid and binding.

[1, 2] Appellant bank assigns error to the action of the trial court in overruling its general demurrer, its contention being that appellee Billingsley was the owner of the note sued on by reason of being the sole heir of Mrs. V. C. Billingsley, deceased, and that it was necessary for him to allege that there was no administration and no necessity for administration on her estate. We overrule this assignment. Appellee Billingsley alleged that he was the sole owner of said note and did not allege the method by which he obtained the ownerhip or possession thereof, and as against a general demurrer, the petition was good. We are further of the opinion that appellant bank, by having filed its cross-action in which it sought judgment against J. A. Smith for more than $4,000 and a first lien on the land as against all parties to secure said debt, and sought to hold invalid the parol partition of the land as made by J. A. and B. F. Smith, invoked the jurisdiction of the district court, and said court's jurisdiction having been thus invoked by appellant, was clothed with authority to adjudicate all matters and controversies that were disposed of by the judgment rendered herein. Lauraine v. Ash, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501; Lauraine v. Masterson (Tex. Civ. App.) 193 S. W. 708.

[3-5] Appellant further contends that the parol partition of the land between J. A. and B. F. Smith was not enforceable, and that as a creditor of J. A. Smith and having a deed of trust lien from J. A. Smith, as well as an attachment lien on his interest in the land, it was entitled to have the entire tract of land sold to pay the Billingsley note. We overrule these contentions. It has always been the settled law in this state that a valid, enforceable parol partition of land can be made by the joint owners thereof, and that same is not prohibited by the statute of frauds. Aycock v. Kimbrough, 71 Tex. 330, 12 S. W. 71, 10 Am. St. Rep. 745; Scott v. Watson (Tex. Civ. App.) 167 S. W. 268; Wilson v. Beck (Tex. Civ. App.) 286 S. W. 315. It is also the well-settled law that an attaching creditor acquires no greater interest in land than that owned by the debtor, except where the rule is abrogated by reason of the registration statutes. Johnson v. Darr, 114 Tex. 516, 272 S. W. 1098; Shear Co. v. Lucas (Tex. Civ. App.) 276 S. W. 935; Harris v. Hamilton (Tex. Com. App.) 221 S. W. 273. After B. F. and J. A. Smith made the parol partition of the property in 1922, neither of them had any interest in the land set aside to the other. The record shows that the deed was made to J. A. and B. F. Smith jointly, and retained a lien to secure four notes, none of which appear to have been released of rec-

ord at the time this suit was tried. As between J. A. and B. F. Smith, each was responsible for the payment of one-half of said vendor's lien notes, and if either paid more than his proportionate part, he would have been, in a partition of the property, entitled to have a lien fixed on the other's portion to secure the payment of same. There is no contention that the land was not equally divided when B. F. Smith took the south and J. A. Smith the north half thereof. B. F. Smith, having gone into actual possession, cultivating and making valuable improvements on the land, and being in open, notorious possession thereof under the parol partition that had been made between him and his brother, J. A. Smith, was entitled to hold the south 63 acres as against any attachment or deed of trust lien that J. A. Smith gave. J. A. Smith gave appellant bank a deed of trust on his undivided one-half interest in the 126 acres of land. The attachments were only levied on the interest of J. A. Smith in said land. The land having been by parol partition divided prior to the time the deed of trust was given or the attachment liens levied, the bank was only entitled to a foreclosure thereof on the 63 acres that J. A. Smith had received in said partition agreement, and same was charged with a prior lien to secure the payment of the note held by appellee Billingsley, which J. A. Smith had agreed and promised to pay.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.