HOUSTON LIFE INSURANCE COMPANY V. JOHN WILLIAM FRANKLIN DABBS.

No. 6831.   Decided April 17, 1935.
(81 S. W., 2d Series, 42.)

*A. D. Dyess* and *T. K. McElroy,* of Houston, for plaintiff in error.

When a motion for new trial and amendment thereto have been seasonably filed in the trial court, judgment does not become final until twenty days subsequent to the termination of forty-five days after said amended motion for new trial is filed, because *presentment* of said amended motion to the trial court is for the sole benefit of the trial court, which he may waive. Dittman v. Model Baking Co. (Com. App.), 271 S. W., 75; Townes v. Lattimore, 114 Texas, 511, 272 S. W., 435; Gulf C. & S. F. Ry. Co. v. Muse, 109 Texas, 352, 207 S. W., 897, 4 A. L. R., 613.

*Henderson & Copeland,* of Houston, for defendant in error.

Where amended motion has not been presented for hearing within thirty days after the filing thereof it was waived by plaintiff in error, as a matter of law and no appeal could be predicated thereon. Texas Packing Co. v. St. Louis S. W. Ry. Co. (Com. App.), 227 S. W., 1095; Southland Greyhound Lines v. Dennison, 62 S. W. (2d) 500.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

1 The sole question presented is whether the Court of Civil Appeals should have dismissed the appeal of plaintiff in error (73 S. W. (2d) 1047). The case originated in one of the district courts of Harris County, for which the rules of practice and procedure are prescribed by Article 2092 of the Revised Civil Statutes of 1925, as amended by Chapter 70, Acts Fifth Called Session, 41st Legislature, (1930). Judgment was rendered in favor of defendant in error against plaintiff in error on April 27, 1933. An original and an amended motion for new trial were filed within the prescribed time but plaintiff in error did not present the amended motion for new trial within thirty days from the date it was filed. The motion therefore was overruled by operation of law on June 23, 1933, which marked the expiration of thirty days from the date of its filing. Independent Life Insurance Company of America v. Work, 124 Texas, 281, 77 S. W. (2d) 1036; Dallas Storage & Warehouse Company v. Taylor, 124 Texas, 315, 77 S. W. (2d) 1031; Millers Mutual Fire Insurance Company of Texas v. Wilkirson, 124 Texas, 312, 77 S. W. (2d) 1035. Supersedeas bond, instead of appeal bond, was filed on July 13, 1933. Since the bond was filed within thirty days from the time when the amended motion for new trial was overruled by operation of law, the appeal was duly perfected in proper time, unless there

is merit in the contention of defendant in error that the failure of plaintiff in error to give notice of appeal in open court within two days after the motion for new trial was overruled by operation of law was fatal to the appeal.

Article 2093 states in substance that all laws and rules of practice and procedure provided for other district courts which are not inconsistent with the laws and rules of practice prescribed by Article 2092 shall continue in effect and be observed in the civil district courts of the class governed by Article 2092. There is no reference in Article 2092 to the giving of notice of appeal. Article 2253 (as amended by Chapter 15, Acts Regular Session, 40th Legislature, p. 21, 1927) which is a part of a chapter prescribing rules of practice and procedure for district courts in general, provides:

"An appeal may, in cases where an appeal is allowed, be taken during the term of court at which the final judgment in the cause is rendered by the appellant giving notice of appeal in open court within two days after final judgment or two days after judgment overruling a motion for new trial, which shall be noted on the docket and entered of record and by his filing with the clerk an appeal bond where bond is required by law, or affidavit in lieu thereof as hereinafter provided within twenty days after the expiration of the term."

2 It was held in Southwest National Bank v. Austin, 290 S. W., 186, (with refusal of application for writ of error) that the provision of Article 2253 requiring notice of appeal to be given in open court within a certain time in order to perfect an appeal to the Court of Civil Appeals, is not inconsistent with any provision of Article 2092, and because it affirmatively appeared that no notice of appeal was given in district court, the appeal was dismissed.

That case, in our opinion, is not decisive of the question presented in this case. There the appeal was taken from a judgment duly entered, without the filing of a motion for new trial, an appeal bond being filed within thirty days from the date of the judgment. In this case an amended motion for new trial filed in due time was overruled by operation of law at the expiration of thirty days from the date of its filing, and the supersedeas bond was filed within thirty days from the time when the motion was in such way overruled. Thus the motion was not overruled by judgment or order of the court. Article 2253 requires, when an appeal is taken from or after the overruling of a motion for new trial, that notice of appeal be given in open court within two days *"after judgment over-*

*ruling a motion for new trial."* This requirement of notice of appeal is inappropriate to and inconsistent with that part of amended Section 28 of Article 2092 which has been construed to mean that motion for new trial if not presented within thirty days from its filing is at the end of such period overruled by operation of law. When a motion is thus overruled there is no judgment or order of the court overruling it, within two days after the entry of which notice of appeal may be given. The appeal bond, which must be filed before the end of the term as to the particular case, affords adequate notice of the intention to appeal.

We are also of the opinion that notice of appeal was given substantially in compliance with Article 2253. The record shows that on July 8, 1933, fifteen days after the amended motion for new trial was overruled by operation of law, the trial court heard the motion and announced that it was over-verruled, that at the same time plaintiff in error in open court excepted and gave notice of appeal, and that a judgment or order of the court reciting these facts was duly entered of record. When these things occurred the trial court had not lost jurisdiction over the case and the term was not as to the particular case at an end, for the thirty day period after the overruling of the motion by operation of law had not expired. It is true that when once a motion for new trial is overruled, subsequent action of the court "has no effect in so far as concerns counting the thirty days from the date of overruling the motion, to ascertain expiration of the term in the particular cause," and the time is counted from the first or true overruling of the motion. Independent Life Insurance Company of America v. Work, supra. While, therefore, the order of the court entered herein on July 8, 1933, did not start the running of a new thirty day period for jurisdiction over the case or for the filing of the appeal bond, and while such order did not in fact overrule the motion, being in effect but an affirmance of the prior overruling by operation of law, it was by its terms an order or judgment of the court overruling the motion, and the notice of appeal was sufficient because it was given within two days after such order was made by the court, when it still had jurisdiction of the case.

3 By various statutes certain parties are permitted to appeal without filing appeal bonds. Article 2254 provides that "in cases where the appellant is not required by law to give bond on appeal, the appeal is perfected by the notice provided for in the preceding article." Is it necessary for a party, who is

not required by law to give an appeal bond and whose motion for new trial, in a case in a district court governed by Article 2092, has been overruled by operation of law, to give notice of appeal in open court in order to perfect his appeal? The question is not presented for decision in this case, but whatever difficulty there may be in it may be avoided if the trial court within thirty days after the motion has been overruled by operation of law enters an order overruling the motion and the party desiring to appeal gives notice of appeal in open court within two days after the entry of such order and before the expiration of said thirty day period.

To summarize, we hold with respect to the giving of notice of appeal in open court in cases tried in courts governed by Article 2092:

First. When no motion for new trial is filed notice of appeal must be given within two days after judgment; and when motion for new trial is overruled, not by operation of law but by judgment or order of the court, notice of appeal must be given within two days after such judgment or order. Southwest National Bank v. Austin, 290 S. W., 186.

Second. When motion for new trial is overruled by operation of law, either because not presented within thirty days from the date of its filing, or because not determined within forty-five days from the date of its filing, no notice of appeal in open court is necessary. The appeal is perfected by filing the appeal bond within thirty days after the time when the motion was overruled by operation of law.

Third. In this case, although notice of appeal was not necessary, it was given in substantial compliance with the statute when the trial court, within thirty days after the motion for new trial was overruled by operation of law, made an order overruling the motion and plaintiff in error within two days after the court's order and within said thirty day period gave notice of appeal in open court.

The judgment of the Court of Civil Appeals dismissing the appeal is reversed and the cause is remanded to that court.

Opinion adopted by the Supreme Court April 17, 1935.