KUNZ v. VAHRENKAMP.

No. 1724.

Court of Civil Appeals of Texas. Waco.

March 26, 1936.

J. B. Ford, of McGregor, and W. V. Dunnam, of Waco, for appellant.

Tirey & Tirey, of Waco, for appellee.

GALLAGHER, Chief Justice.

This appeal is prosecuted from a judgment of the district court of McLennan county in which appellant, E. C. Kunz, was denied a recovery against appellee, Mrs. F. Vahrenkamp, on a joint and several promissory note for the sum of $760, purporting to have been executed by appellee and Ted C. Vahrenkamp. Recovery was sought against appellee alone on the ground that Ted C. Vahrenkamp was dead and his estate insolvent. Trial was had at the April term of the court and judgment rendered on May 21, 1934. An amended motion for new trial was filed by appellant on June 27, 1934. The court, on June 30, 1934, the last day of the term at which the trial was had, entered an order continuing the hearing on said motion until the succeeding term, which began on July 2, 1934. Said order recited in its face that such continuance was without prejudice to the rights of either party to the suit. On September 29, 1934, at said July term, the court entered an order overruling said motion, to which appellant duly excepted and for the first time gave notice of appeal and caused the same to be entered of record. He filed his appeal bond on the 10th day of October, 1934.

Appellant, on the 5th day of December, 1934, tendered the transcript to the clerk of this court for filing. He, at the same time, filed a motion asking the court to order the clerk to file such transcript. Because the parties agreed that the transcript might then be filed, this court, without critical examination, granted the motion and the transcript was filed by the clerk as of the day it was tendered. The case was regularly submitted for consideration, when the situation above recited was necessarily disclosed.

While McLennan county has three regular district courts, all of them have both civil and criminal jurisdiction. Rev.St. art. 199 (19th, 54th, and 74th dists.). The special provisions of article 2092 of our Revised Statutes, therefore, have no application. Article 2232 of our Revised Statutes, in subdivision 4 thereof, expressly provides that motions for new trial shall be determined at the term of the court at which they are made. Said statute is mandatory, and proceedings and orders undertaking to carry such motions to a succeeding term for consideration and action are void. The failure of the court to act upon a motion for new trial at the term of court at which it was filed, is in effect a denial thereof, or, as the rule is otherwise stated, the motion is discharged by operation of law and the judgment becomes final at the term of the court at which it was rendered. Texas Jur. vol. 31, p. 160, § 149; Motor Investment Co. v. Killman (Tex.Civ.App.) 43 S.W.(2d) 633 et seq., and authorities there cited; Van Slyck v. Lawyers' Co-operative Pub. Co. (Tex.Civ.App.) 10 S.W.(2d) 1016, 1017, pars. 1 to 3, and authorities there cited; Rogers v. Dickson (Tex.Civ.App.) 176 S.W. 865, 867, par. 4 (writ refused); Southern Surety Co. v. Brown (Tex.Civ.App.) 245 S.W. 90, par. 1. Appellant can therefore claim no benefit from the proceedings had in said court on September 29, 1934, as above recited. The order overruling appellant's motion for new trial at that time and his notice of appeal given in connection therewith were unauthorized and void.

Briefly stated, article 2253 of our Revised Statutes, as amended by Acts 1927, c. 15, § 1 (Vernon's Ann.Civ.St. art. 2253), as applicable here, provides, in substance, that an appeal may be taken during the term of court at which final judgment is rendered by giving notice of appeal in open court within two days after judgment overruling the motion for new trial and by filing appeal bond. Said article further provides, in substance, that such bond shall be filed within twenty days after the expiration of the term, except where the term of the court at which judgment was rendered may by law continue more than eight weeks, in which case the bond shall be filed within twenty days after notice of appeal is given. The terms of the Nineteenth district court in McLennan county, in which the judgment appealed from was rendered, may lawfully continue longer than eight weeks. Rev.St. art. 199 (19th dist.) No valid notice of appeal is shown in this case. The

Court of Civil Appeals for the Third District, in the case of Southwest Nat. Bank v. Austin, 290 S.W. 186 (writ refused), held that said article 2253 was applicable to courts operating under the special procedure prescribed by article 2092, and that a notice of appeal in open court was an essential part of the process of perfecting an appeal. The rule announced in that case was, however, explained and limited by the Supreme Court in Houston Life Insurance Co. v. Dabbs, 81 S.W.(2d) 42. The appeal in the latter case was also from a judgment rendered by a court operating under the procedure prescribed in article 2092. The motion for new trial was overruled by operation of law. The technical term, under such procedure, continued for thirty days thereafter, during which time notice of appeal was actually given. The court, in its opinion, called attention to the fact that by the express terms of the statute, notice of appeal was to be given in open court within two days from *judgment* overruling motion for new trial, and that there was no such judgment entered in that case since the motion was overruled by operation of law. The court further held that notice of appeal was not necessary in such cases and that the filing of an appeal bond was in itself a sufficient notice of appeal. Notwithstanding the appeal in that case was, as stated, from a court operating under the procedure prescribed in said article 2092, we think there is a controlling analogy between the situation there involved and the situation presented in this case. Since the overruling of appellant's motion for new trial by operation of law and the close of the term of the court were coincident, the time limited for the filing of an appeal bond began on the day succeeding the end of such term. There is no contention in this case that appellant was not required to file a bond in order to perfect his appeal. He filed such bond on the 102d day after the judgment appealed from had become final by the expiration of the term of the court at which it was rendered. Because of his failure to file the same within the time prescribed by law, this court acquired no jurisdiction of his appeal. 3 Tex.Jur. p. 331, § 227, and authorities cited in note 14; Brazell v. Irene Independent School Dist. (Tex.Civ. App.) 276 S.W. 1108, 1109, pars. 1 and 2, and authorities there cited; Southern Surety Co. v. Brown (Tex.Civ.App.) 245 S. W. 90, par. 2; Masterson v. Bingham (Tex. Civ.App.) 84 S.W.(2d) 295. All former orders heretofore entered by this court in this cause are here set aside and the appeal dismissed. Brazell v. Irene Independent School Dist., supra; Dilworth v. Ed. Steves & Sons, 107 Tex. 73, 174 S.W. 279; El Paso & N. E. Ry. Co. v. Whatley, 99 Tex. 128, 87 S.W. 819.