## WRIGHT v. WRIGHT.

### No. 12276.

Court of Civil Appeals of Texas. Dallas.

Dec. 19, 1936.

Rehearing Denied Jan. 23, 1937.

Edgar Welch, of Dallas, for appellant.

Clarence Carpenter and Pat H. Kveton, both of Dallas, for appellee.

BOND, Justice.

Appellee instituted this suit in the Ninety-Fifth district court of Dallas county, for divorce, which court convened on September 2, 1935, and adjourned on November 30, 1935. The judgment from which this appeal is predicated was entered on November 25, 1935, and on November 30, 1935, motion for new trial was overruled. During the term at which the final judgment was rendered, no notice of appeal was given

in open court. There was no motion pending or other matter on trial or in process of hearing, when the court adjourned.

On April 8, 1936, on appellant's application, the trial court entered an order nunc pro tunc, showing that on December 2, 1935, the defendant, in open court, gave notice of appeal, and, by order of the court, the same was noted on the docket on said date.

The statute (article 2253, Rev.St., as amended Acts 1927, 40th Leg. p. 21, c. 15, § 1 [Vernon's Ann.Civ.St. art. 2253]) provides that "an appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellant giving notice of appeal in open court, * * * which shall be noted on the docket and entered of record," and by filing the appeal bond, or affidavit in lieu thereof, within twenty days after the expiration of the term. The giving of the notice must be done during the term of the court at which the final judgment in the cause is rendered, and within two days after the rendition of the judgment, or after judgment overruling a motion for new trial. This rule applies as well to appeals from district courts in counties like Dallas, having two or more district courts with civil jurisdiction, unless the time for the giving of notice is extended into a subsequent term by some motion pending, or matter on trial or in process of hearing. Article 2092, subdivision 28, 1925 R.S., as amended Acts 1930, 41st Leg., 5th C.S. p. 227, c. 70, § 1 (Vernon's Ann.Civ.St. art. 2092, subd. 28); Southwest Nat. Bank et al. v. Austin (Tex.Civ.App.) 290 S.W. 186; Houston Life Ins. Co. v. Dabbs, 125 Tex. 100, 81 S.W.(2d) 42. Notice of appeal given in open court takes the place of citation or other writ designed for the same purpose, and such notice is necessary to the exercise of jurisdiction of this court. The provision of the statute is mandatory.

The nunc pro tunc order made in this case, showing that notice of appeal was given at a subsequent term of the court, where nothing was pending to carry the case or some phase of it beyond the term at which the final judgment was made, does not confer jurisdiction on this court. Davenport v. Kelly (Tex.Civ.App.) 196 S.W. 858; Noblett et al. v. Olive et al. (Tex. Civ.App.) 259 S.W. 305. There is nothing left for this court to do but to dismiss this appeal, and it is so ordered.

Appeal dismissed.