ARENSTEIN v. JENCKS et al.

No. 11400.

Court of Civil Appeals of Texas. San Antonio.

March 29, 1944.

Rehearing Denied April 26, 1944.

W. O. Slattery, of Corpus Christi, and B. D. Kimbrough, of McAllen, for appellant.

E. A. McDaniel, of McAllen, for appellees.

MURRAY, Justice.

This suit was instituted in the 92d District Court of Hidalgo County on April 23, 1943, by H. L. Jencks against Sidney Arenstein, seeking to recover the title and possession of three tracts of land lying and being situated in Hidalgo County.

On May 24, 1943, judgment by default was rendered in favor of plaintiff and against defendant for the title and possession of the three tracts of land. On May 27, 1943, Sidney Arenstein, one of the defendants, filed a motion to vacate default judgment and to quash service of citation. Court adjourned May 29, 1943, without any action having been taken by the court upon this motion. On June 19, 1943, Sidney Arenstein filed an instrument styled, Amended Application or Bill of Review of Sidney Arenstein to Vacate Default Judgment. On October 20, 1943, the trial court dismissed this last motion. From this action of the trial court Sidney Arenstein has prosecuted this appeal.

If the motion filed on June 19, 1943, was an attempt to file an amended motion for a new trial after term time it came too late and was properly dismissed. On the other hand, if it was intended as an equitable "Bill of Review" it was fatally defective, as it affirmatively shows that all questions there raised could have been presented by securing a hearing upon his motion for a new trial during term time and if such motion be overruled by the trial court then by taking an appeal. It is not shown that this legal remedy was not available or adequate.

Appellant contends that he did not have time within which to secure a hearing upon his motion to vacate default judgment during term time and therefore this legal remedy of appeal was inadequate. To be more specific, appellant contends that Rule No. 21 provides, in effect, that a motion for a new trial cannot be acted upon until the adverse party has had three days' notice of the filing of the same, and inasmuch as the clerk did not issue notice when the motion was filed it could not have been heard during term time, and that the term could not have been extended for the purpose of such a hearing. We are of the opinion that the court has power to hear a motion for a new trial regardless of whether there has been three days' notice to the adverse party and that the court also has the power to extend the term for

the purpose of allowing time within which to hear a motion for a new trial.

▮ A district court has inherent power to set aside a judgment during the term at which it was rendered, either on its own motion or upon the motion of one of the parties, and Rule 21, Texas Rules of Civil Procedure, should not be so construed as to take from the court this inherent power. Aycock v. Kimbrough, 71 Tex. 330, 12 S. W. 71, 10 Am.St.Rep. 745; Townes v. Lattimore, 114 Tex. 511, 272 S.W. 435; Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079, 48 A.L.R. 355; St. John v. Archer. Tex,Civ. App., 147 S.W.2d 519. If rule 21 be given the construction asked for by appellant the court would be powerless to hear and determine any motion for a new trial filed later than three days before adjournment of the term.

▮ Furthermore, as long as a motion for a new trial is pending and not acted upon the trial is not completed and the trial court may extend the term for the purpose of hearing and passing upon the motion for a rehearing. Texas Employers' Association v. Lane, Tex.Civ.App., 124 S. W.2d 893.

▮ The trial judge not having been requested to hear and determine the motion for a new trial (there is no difference as to procedure between a motion to vacate judgment and motion for a new trial) or to extend the term for this purpose, and the court having adjourned while the motion was pending, it was overruled by operation of law. Kunz v. Vahrenkamp, Tex. Civ.App., 93 S.W.2d 491. It therefore becomes apparent that the motion to vacate judgment which, in effect, is a motion for a new trial, was overruled when the court adjourned, and could not thereafter have been amended for any purpose.

▮ The motion filed on June 19, 1943, is inadequate as a bill of review in that it fails to show that appellant did not have a complete and adequate remedy at law, to-wit: that of motion for a new trial and appeal, and the record even goes further and affirmatively shows that appellant, either by asking for a hearing on his motion during term time or by asking the court to extend the term for such a purpose, could have raised any question he attempts to present in his bill of review.

▮ The judgment herein recited proper service upon defendants and was regular in every way upon its face. It was not void but at most only voidable. Appellant knew of the rendition of the judgment during the term at which it was rendered and had sufficient time to have secured a hearing upon his motion to vacate judgment, and, in the event it was overruled, to have pursued the legal remedy of an appeal. Under such circumstances, his alleged bill of review was properly dismissed.

▮ Appellant further contends that the judgment is absolutely void because no affidavit by plaintiff, "setting forth facts showing that the defendant is not in military service," as required by federal law, 50 U.S.C.A.Appendix § 520, was filed, and no attorney was appointed by the court to represent appellant. An affidavit was filed attempting to comply with this requirement of the federal statute, but appellant contends it was defective in several particulars. We overrule this contention. This requirement of the federal statute was passed to protect members of the military forces. The federal government is without jurisdiction to prescribe rules of procedure in state courts generally, and could only do so to protect persons in the federal employment, such as members of the military forces. There is no contention here that appellant is such a member.

The judgment is affirmed.