**TEXAS VAN LINES, Inc., et al., Appellants,**

**v.**

**Bruce TEMPLETON et al., Appellees.**

**No. 15316.**

Court of Civil Appeals of Texas.
Dallas.

July 19, 1957.

Rehearing Denied Sept. 27, 1957.

Allen Melton and George M. Elliott, Dallas, for appellants.

Mullinax, Wells & Morris, Otto B. Mullinax, Thompson, Coe & Cousins and Robert W. Porter, Dallas, for appellees.

DIXON, Chief Justice.

This suit was instituted by appellee Bruce Templeton against Texas Van Lines, Inc., a corporation; Dallas Storage & Warehouse Co., a corporation alleged to be the predecessor of Texas Van Lines, Inc.; Niagara Fire Insurance Co., a corporation; Maryland Casualty Co., a corporation; and T. E. Luther, R. C. Dawe, and Louis B. Lotspeich, alleged to be doing business as Dallas Storage & Warehouse Co., predecessor of the corporation of the same name.

Appellee alleged that he had stored certain goods with Dallas Storage & Warehouse Co., which goods had been destroyed by fire while in the possession of Texas Van Lines, Inc., successor to Dallas Storage & Warehouse Co. Appellee further alleged that as part of the storage contract Dallas Storage & Warehouse Co. had agreed to secure and maintain insurance upon said goods as long as they remained in storage, and that the Warehouse Company had executed and delivered to him its "Advice of Insurance," informing him that the stored property had been insured for $1,500 with Niagara Fire Insurance Co. under open policy No. TR 3–187. Appellee further alleged that this insurance coverage had later been assumed by Maryland Casualty Company.

Appellee asked judgment against the two insurance companies for $1,500; and in the alternative against "Dallas Storage & Warehouse Company, a corporation, and/or partnership and Texas Van Lines" only in the event appellee should be mistaken in his allegation that Dallas Storage & Warehouse Co. and its successor, Texas Van Lines, Inc., had either secured or continued in effect the policy of insurance covering appellee's stored property; in which alternative event appellee asked judgment against the said warehouse companies for $1,500 for breach of contract.

At the trial of the case before a jury, after appellee Templeton as plaintiff had rested his case, the trial court granted an instructed verdict in favor of Maryland Casualty Company and Niagara Fire Insurance Company. A motion for instructed verdict filed by Texas Van Lines, Inc., was overruled. The trial continued and resulted in a verdict and judgment for $1,500 in favor of appellee Templeton against Texas Van Lines, Inc., Dallas Storage & Warehouse Company, a corporation, and T. E. Luther, individually and doing business as Dallas Storage & Warehouse Company.

Dallas Storage & Warehouse Company and T. E. Luther have not appealed from the judgment against them. Texas Van Lines, Inc., has appealed from the judgment against it; and appellee Bruce Templeton, as counter-appellant, has appealed from the judgment in favor of Niagara Fire Insurance Company and Maryland Casualty Company.

At the outset we are met with two motions to dismiss the appeal of Texas Van Lines, Inc. One motion was filed by appellee Bruce Templeton; the other motion was filed by appellee Maryland Casualty Company.

The motion of appellee Templeton asserts that the use of the term "and/or" in the petition and motion for new trial of appellant Texas Van Lines is meaningless and unintelligible, and is therefore a nullity. In support of his contention appellee cites a number of holdings from other States, and also refers us to Words and Phrases.

We do not agree with appellee Templeton. The judgment itself does not use the term "and/or". Appellee did not except to appellant's answer or object to appellant's motion for new trial on the grounds now urged. The point is raised for the first time on appeal. Anyway, in the light of the petition and the proof we think the petition is not too indefinite to state a claim upon which relief could be granted. Gurein v. State, 209 Ark. 1082, 193 S.W.2d

997; American Gen. Ins. Co. v. Webster, Tex.Civ.App., 118 S.W.2d 1082; Coplen v. Zimmerman, Mo., 271 S.W.2d 513. Appellee Templeton's motion to dismiss the appeal of Texas Van Lines, Inc., is overruled.

The motion of Maryland Casualty Company is based on entirely different grounds. It asserts that the appeal bond of Texas Van Lines was not filed within thirty days after motion for new trial was overruled as required by Rule 356, Vernon's Rules of Civil Procedure; nor were the Transcript and Statement of Facts filed within sixty days as required by Rule 386, V.R.C.P.

We agree with appellee Maryland Casualty Company. The record shows that the motion for new trial was filed November 28, 1956. The motion was not determined within forty-five days as required by Rule 329–b, subd. 3 and there was no agreement of the parties to postpone the decision to a later date. The motion was therefore overruled by operation of law on January 12, 1957. Rule 329–b, subd. 4, V.R.C.P. The appeal bond had to be filed within thirty days from January 12, 1957, or not later than February 11, 1957. It was not filed until February 23, 1957. This was too late to give us jurisdiction of the appeal. The Transcript and Statement of Facts were not filed until March 26, 1957, more than sixty days after January 12, 1957. In the record is an order of the trial court dated January 25, 1957 purporting to over-rule appellant's motion for new trial. This order must be regarded as a nullity, since appellant's motion had already been overruled by operation of law. Martinez v. Stephens, Tex.Civ.App., 246 S.W.2d 707. Rules 356 and 329–b, subds. 3 and 4 are mandatory. The appeal of Texas Van Lines must be dismissed.

Appellee Maryland Casualty Company has also filed a motion to dismiss the appeal of Bruce Templeton, who appears in the record not only as an appellee, but as a counter-appellant complaining of the directed verdict in favor of Maryland Casualty Company.

In this motion appellee Maryland Casualty Company contends that the order of court dated November 13, 1956 denying counter-appellant Templeton's request for a non-suit, sustaining appellee's motion for instructed verdict, and discharging appellee is a final judgment from which Templeton was obliged to appeal if he desired to appeal. If so, cross-appellant's amended motion for new trial was filed too late to give this Court jurisdiction of the appeal. However we think appellee is in error. The order of November 13, 1956 does not dispose of all of the parties to the suit. Rule 301, V.R.C.P. After pronouncement of the order by the judge, the trial continued before the jury. Following a jury verdict the court on November 20, 1956 signed its final judgment disposing of all parties, which judgment contains this recital among others: "It is therefore ordered, adjudged and decreed by the court that Niagara Fire Insurance Company and Maryland Casualty Company be finally discharged with their costs." Counter-appellant Templeton properly appealed from the judgment of November 20, 1956. The motion to dismiss the appeal of counter-appellant Templeton is overruled. We shall proceed to consider the appeal on its merits.

In his one point on appeal counter-appellant Templeton says that the court erred in overruling his motion for a non-suit as to Maryland Casualty Company. In reply Maryland Casualty Company says that the motion was made after the court had pronounced judgment from the bench, consequently was too late and the court's action in overruling it was proper.

Rule 164, V.R.C.P., provides that plaintiff may take a non-suit any time before the jury retires, or in a case tried by the judge, any time before the decision is announced. The order signed by the court overruling the motion for a non-suit and sustaining the motion for directed verdict contains the following recital: "* * * after the Plaintiff rested, and before any evidence was offered by any of the Defendants, Defendant Maryland Casualty Company filed a motion

for instructed verdict * * * whereupon the Judge of said court before hearing from any of the parties concerning said motions, announced that he was rather inclined to feel that the motion of Defendant Maryland Casualty Company and the motion of Defendant Niagara Fire Insurance Company was well taken and should be granted, but further stated that he was not ruling upon the matter and would not rule upon the matter until the following Monday morning at 9:15 A.M. and that at that time he would hear from all parties any arguments that they had to offer; that thereafter on Monday, November 5, 1956, at approximately 8:45 A.M. attorney for the Plaintiff advised the court that he desired to take a non-suit as to Defendant Maryland Casualty Company * * * and he was filing a written motion to that effect; * * * and at 9:30 A.M. the court being of the opinion that Plaintiff's Motion for Non-suit was not well taken; it is accordingly ordered, adjudged and decreed that Plaintiff's motion to take a non-suit as to Maryland Casualty Company, be and the same is here overruled, to which action the Plaintiff Bruce Templeton excepted. And it further appearing to the court that the motion heretofore filed by Maryland Casualty Company for an instructed verdict is well taken, it is accordingly ordered, adjudged and decreed, that Defendant Maryland Casualty Company's motion for instructed verdict be, and the same is hereby sustained and Maryland Casualty Company is hereby discharged with its costs, to which action of the court the Plaintiff, in open court, excepted * * *."

 From the above recital it is obvious that counter-appellant's motion for a non-suit was made before the court's pronouncement of his decision sustaining appellee's motion for instructed verdict. The earlier utterance by the court did not announce the court's decision; it did no more than to say what action the court would probably take; the court expressly stated that he was not ruling upon the matter and would not rule until the following Monday Morning

at 9:15 after hearing argument from the parties. The fact that the court has indicated how he will probably decide a case does not preclude a plaintiff from taking a non-suit. Corder v. Corder, Tex.Civ. App., 189 S.W.2d 100; Kidd v. McCracken, 105 Tex. 383, 150 S.W.2d 885; Texas Electric Ry. v. Cox, Tex.Com.App., 49 S.W.2d 725, 89 A.L.R. 11; Brooks v. O'Connor, 120 Tex. 121, 39 S.W.2d 22. In our opinion it was error to overrule the motion of counter-appellant for a non-suit. Counter-appellant's point on appeal is sustained.

The appeal of appellant Texas Van Lines, Inc., is dismissed.

The judgment of the trial court in favor of appellee Maryland Casualty Company is reversed and remanded with instructions to the trial court to sustain counter-appellant's motion for a non-suit and to dismiss counter-appellant Templeton's suit against said appellee Maryland Casualty Company.