John Ira TURNER et al., Appellants,

v.

Granville C. FARMER et al., Appellees.

No. 7023.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 21, 1958.

T. D. Wells, Paris, for appellant.

B. Ray Smith, Paris, for appellee.

**Cecil DAVIS et ux., Appellants,**

v.

**George PERKINS et al., Appellees.**

No. 13279.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 22, 1958.

Rehearing Denied Feb. 19, 1958.

PER CURIAM.

Final judgment was signed and entered in the trial court in this case on April 27, 1957. Two of the defendants filed separate motions for new trial on May 3, 1957; none of the several other defendants made any effort whatever to appeal. The motions for new trial were presented to and heard by the judge of the trial court on June 15, 1957. An order was signed and entered overruling the motions for new trial on June 24, 1957. The 45-day period of time for the trial court's action on the motion for new trial, provided by Rule 329–b, Secs. 3 and 4, Vernon's Ann. Texas Rules of Civil Procedure (formerly Rule 330(j) expired on June 17, 1957; no written agreement of the parties for extension of time beyond that date to act on the motions appears in the record. The motions for new trial were actually overruled by operation of law on June 17, 1957; and, the order signed by the trial court after that time was a nullity. Martinez v. Stephens, Tex.Civ.App., 246 S.W.2d 707, no wr. hist.; Texas Van Lines, Inc., v. Templeton, Tex.Civ.App., 305 S.W.2d 646, wr. ref., n. r. e. No appeal bond was filed in the case, but on July 22, 1957, two of the defendants deposited the sum of $132.60 with the clerk of the court in lieu of cost bond and on July 29, 1957, deposited the sum of $67.40. The time having expired on July 17, 1957, in which to file an appeal bond or make cash deposit in lieu thereof, the judgment of the trial court became final on that date.

The appeal not being perfected within the time prescribed by law, this court does not have jurisdiction to entertain the appeal. Ellison v. Panhandle & S. F. Ry. Co., Tex. Civ.App., 306 S.W.2d 909. The appeal is dismissed.