Jesus Ramirez HERNANDEZ et al.,
Appellants,

v.

A. T. BAUCUM, Appellee.

No. 13717.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 14, 1960.

Strickland, Wilkins, Hall & Mills, Mission, for appellants.

Crain & Colvin, San Benito, Carter, Stiernberg, Skaggs & Koppel, Harlingen, for appellee.

MURRAY, Chief Justice.

Appellee, A. T. Baucum, has filed a motion to dismiss this appeal for the reason

that no notice of appeal was given in open court within ten days after the order overruling the motion for a new trial was rendered and no notice of appeal was filed with the clerk within ten days after such order was rendered, as is required by Rule 353 of the Texas Rules of Civil Procedure. The motion will be overruled. The record in this case shows that the final judgment herein was signed and rendered on the first day of April, 1960. Thereafter, on April 11, 1960, defendants filed their motion for a new trial, which was within the ten-day period allowed by Rule 329–b, T.R.C.P. No amended motion for new trial was ever filed, and on April 28, 1960, defendants presented their motion for new trial and the court heard oral arguments thereon. The court took the matter under advisement, and on May 25, 1960, in the absence of attorneys on both sides, made the following notation on the trial docket: "Defendants' motion for new trial overruled and Defendants except and give notice of appeal." On the same date the trial judge wrote the following letter to the attorneys for plaintiff and defendants:

"Re: No. 36498, Baucum vs. Hernandez

"Dear Sirs:

"After further consideration of Defendants' Motion for New Trial in the above entitled and numbered cause, it is concluded that same should be overruled.

"Accordingly, I have today made the following docket entry therein:

" 'Defendants' motion for new trial overruled and Defendants except and give notice of appeal.'

"Very truly yours,
"/s/ Wm Scanlan"

If the court had taken no action whatever on the motion for new trial it would have been overruled by operation of law on May 26, 1960. The district clerk copied into the minutes the notation which the trial judge had placed upon his docket, but at that time no order overruling the motion for a new trial had been prepared or signed by the trial judge. No notice of appeal was given in open court, and no written notice of appeal was filed within the ten-day period following May 25, 1960. At the hearing before the trial judge, the attorneys for appellants contended that they had told the judge, prior to any action on the motion for a new trial, that in the event he overruled the motion they would give notice of appeal, and asked that his order show that they excepted and gave notice of appeal. Neither the trial judge nor opposing counsel had any recollection of this statement having been made. On June 23, 1960, some twenty-seven days after the time within which the motion for a new trial would have been overruled by operation of law, the defendants filed a motion for the entry of an order nunc pro tunc, overruling the motion for a new trial as of May 25, 1960. This motion was granted, and an order nunc pro tunc was on June 27, 1960, ordered to be entered upon the minutes effective as of May 25, 1960. The plaintiff below excepted to this nunc pro tunc order and gave notice of appeal to this Court.

This situation presents a number of legal questions. First, Did the trial judge, by simply noting on his docket that the motion for new trial was overruled, forty-four days after it had been filed, prevent the motion from being overruled by operation of law on the forty-fifth day after it was filed, by entering a nunc pro tunc order making the notation on his docket effective? We think not. Rule 329–b provides in effect that a motion for new trial is overruled by operation of law if not determined within the forty-five day period after it is filed. The exact provision of the rule reads in part as follows:

" * * * such motion will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of *by an order rendered before said date*." (Emphasis ours.)

Rule 306a, T.R.C.P. provides in effect that the date of rendition of an order

on a motion is the date that it is reduced to writing and signed by the judge, where the rendition relates to computing the time for perfecting an appeal. We are therefore of the opinion that where a motion for a new trial has been on file for forty-five days, it is overruled by operation of law unless it is sooner disposed of by an order of the trial judge which has been reduced to writing and signed by him. A mere notation on the docket that the judge has overruled the motion is insufficient. In this case the district clerk copied the judge's notation made on the docket, into the minutes of the court, but this does not change the situation. Unless the judge renders an order in keeping with the provisions of Rule 306a, within the forty-five-day period, the motion is overruled by operation of law, and the action of the court in rendering an order nunc pro tunc overruling the motion for a new trial on June 27, 1960, was a nullity. Turner v. Texas Sportservice, Inc., Tex.Civ. App., 312 S.W.2d 388; Turner v. Farmer, Tex.Civ.App., 309 S.W.2d 890; Texas Van Lines, Inc. v. Templeton, Tex.Civ. App., 305 S.W.2d 646; Lucchese v. Specia, Tex.Civ.App., 281 S.W.2d 725, 726; Martinez v. Stephens, Tex.Civ.App., 246 S.W. 2d 707.

We are further of the opinion that where a motion for new trial is overruled by operation of law it is not necessary for the party appealing to give notice of appeal. The only requirement is that he must file his appeal bond within thirty days after such date. 3A Texas Jurisprudence, § 236, p. 306; Houston Life Ins. Co. v. Dabbs, 125 Tex. 100, 81 S.W.2d 42; Combined American Ins. Co. v. Morgan, Tex.Civ.App., 214 S.W.2d 145; McDonald, Tex.Civ.Practice, Vol. 4, § 18.31, p. 1509. In this case appellants filed their appeal bond within the thirty-day period after their motion was overruled by operation of law, therefore no notice of appeal was required. The notice of appeal contained in the bond was sufficient.

However, if we be mistaken in holding that the entry of the order nunc pro tunc on June 27, 1960, overruling the motion for new trial was a nullity, and if in truth and in fact it was a valid order, then a proper notice of appeal was given after the entry of such order, and the time within which appellants must take the various steps in perfecting their appeal would be from June 26, 1960. Rule 306b, T.R.C.P.

Accordingly the motion of appellee to dismiss the cause for want of appellants' giving proper and timely notice of appeal is overruled. Appellee's alternate motion "to refuse appellants' motion for leave to file supplemental transcript" will also be overruled, and appellants' motion No. 19951, for leave to file supplemental transcript, will be granted, with the provision that if upon the hearing of the merits we conclude that any part of the statement of facts or the supplemental transcript is not properly a part of the record we will not consider such part.