### JEFFERSON v. WILLIAMS et al.
### (No. 8751.)

(Court of Civil Appeals of Texas. Galveston. May 27, 1926.)

**1. Trial ⬅⬆390.**

Conclusions of fact not filed within prescribed time cannot be considerd by Court of Civil Appeals.

**2. Trial ⬅⬆390.**

Conclusions of fact filed 25 days after expiration of term of court *held* not timely filed within Vernon's Sayles' Ann. Civ. St. 1914, art. 2075, precluding consideration by Court of Civil Appeals.

**3. Courts ⬅⬆66(7).**

Vernon's Sayles' Ann. Civ. St. 1914, art. 1726, empowering judge to extend term of court, authorized extension only to dispose of case on trial.

**4. Appeal and error ⬅⬆644(2).**

Objection to consideration of bill of exceptions as not filed within required time *held* waiv-

---

ed, where motion objecting thereto was made more than 11 months after record was filed.

**5. Exceptions, bill of ⊙⇒36(1).**

Law fixing time within which bills of exception must be filed *held* to apply only to rulings of court in progress of trial.

**6. Trial ⊙⇒390.**

Where findings of fact of trial court were not filed within time required by statute, they cannot be considered.

Appeal from District Court, Brazoria County; M. S. Munson, Judge.

Action by Lillie Jefferson against Mamie Williams and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

John B. Warren, of Houston, for appellant.

Scott Gaines and J. T. Loggins, both of Angleton, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title brought by appellant against the appellees to recover a one-half interest in a tract of 50 acres of land. The trial in the court below without a jury resulted in a judgment in favor of defendants.

At the time of the rendition of said judgment by the trial court, the appellant excepted thereto in open court and gave notice of appeal to this court and requested the filing of conclusions of fact and law by the trial court. The term of the district court of Brazoria county at which the case was tried, as fixed by the statute, expired on October 4, 1924. No conclusions of fact and law were filed by the trial court until October 29, 1924. The appellant, on January 13, 1925, took a bill of exceptions to the filing of the conclusions of fact and law by the trial court because the same were not filed within 10 days of the adjournment of the term of the district court at which the case was tried. The bill of exceptions of the appellant was allowed by the trial court with this explanation:

"Examined, approved and ordered filed as a part of the record in this case, this 13th day of January, A. D. 1925, with the following qualification: That the September term, 1924, at which this case was tried, did not adjourn on the date fixed by law for its adjournment, but said term was duly and legally extended by Hon. Norman G. Kittrell acting as special judge under legal appointment by the Governor of Texas, in the trial of a case in which I, as the judge of the Twenty-Fourth judicial district, was disqualified, which case was on trial and not finished at the time when by operation of law said term would have ended, and said special judge at the proper time and as required by law entered the proper order upon the minutes of said court extending the term thereof, and said term of said court was not adjourned by me at the time when same would have ex-

pired by operation of law, but the court was turned over to said special judge who was then in the trial of said cause in which I was disqualified and said cause was not finished and said term was not adjourned by said special judge until some time in December, 1924, about the 31st day of said month, after the filing of the findings of fact and conclusion of law in this case. M. S. Munson, Judge Twenty-Third Judicial District."

The transcript was applied for by appellant's counsel on January 12, 1925, received by him on January 17, and filed in this court on January 19, 1925.

The only ground presented by appellant for a reversal of the judgment is the failure of the trial judge to file conclusions of fact within the time prescribed by the statute.

[1] Other assignments are presented in the brief, but each and all of them raise questions of fact which this court cannot determine without a statement of facts or conclusions of fact filed by the trial court. There is no statement of facts with the record, and if the conclusions of fact were not filed within the time prescribed by the statute, they cannot be considered by us.

[2] We agree with appellant that the conclusions of fact were not filed within the time prescribed by the statute, and therefore cannot be considered by us.

Article 2075, Vernon's Sayles' Civil Statutes, provides that the district judge shall have 10 days after the adjournment of the term at which a cause may be tried in which to prepare his findings of fact and conclusions of law. It seems to be well settled by our decisions that conclusions of fact not filed within the time prescribed by the statute, unless it be shown that the delay in filing was due to some unavoidable cause, cannot be considered as a part of the record. Maverick v. Burney (Tex. Civ. App.) 30 S. W. 566; King v. Baldwin (Tex. Civ. App.) 37 S. W. 971; Beaumont Improvement Co. v. Carr, 32 Tex. Civ. App. 615, 75 S. W. 327; Sutherland v. Kirkland (Tex. Civ. App.) 134 S. W. 851; Velasco Fish & Oyster Co. v. Texas Co. (Tex. Civ. App.) 148 S. W. 1184.

Article 1726 of the statute above cited provides that whenever the district court shall be in the midst of the trial of a cause, when the time for the expiration of the court as fixed by law shall arrive, the judge presiding shall have the right and power to extend the term of the court until the conclusion of said pending trial.

[3] We think this article of the statute should be construed as only authorizing the extension of the term for the purpose of disposing of the case on trial, and so far as any other business of the court is concerned the term must be regarded as ended at the time fixed by law for its termination. To give this statute the construction placed upon it by the learned trial judge and appel-

lees' counsel would confuse and impede the administration of the regular business of the court. Prosecution of appeals would be delayed, and judgments of the court would not become final and enforceable until after the case on trial. had been finally disposed of, which might, as in the present case, drag its weary way through many weeks, and successful litigants might suffer serious detriment. We cannot believe the Legislature intended the statute to have this effect, and think the sole and only purpose and intent of the statute was to extend the term as to the case on trial.

[4] At a former day of this term, after reaching the conclusion above expressed, we further concluded that we could not consider appellant's bill of exceptions to the failure of the trial judge to file his conclusions of fact and law within the time prescribed by the statute, because the bill of exceptions was not filed within the required time. After careful consideration of the motion for rehearing presented by appellant, we are of opinion that we erred in refusing to consider the bill of exceptions. Appellees' motion objecting to our consideration of his bill of exceptions was filed on December 31, 1925, which was more than eleven months after the record was filed in this court. In the case of. Conn v. Houston Oil Co., 171 S. W. 520, this court in an opinion by Justice McMeans held:

"The time of filing of bills of exception relates to formalities in bringing a case to the appellate court for revision. Rule 8 (142 S. W. xi), prescribed for the government of the Court of Civil Appeals, provides: 'All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party.'

"Under this rule an objection to the bills of exception on account of the informalities complained of, to be available to appellee, must have been presented by a motion to this court filed and docketed within thirty days after the transcript was filed, and as this was not done, and as the informality was one that could be waived, this court is not at liberty to disregard them."

[5] This former holding of this court was not called to our attention until the motion for rehearing was presented, and we were unmindful of the rule announced in that case when our original opinion in this case was handed down. While we doubt the soundness of the holding in the case cited, it has been followed in a number of decisions by our sister Courts of Appeals, and whether originally wise or not, it would be unwise to now change the rule. We are further of opinion that the statute fixing the time within which bills of exception must be filed should be held to apply only to exceptions taken to rulings of the court during the progress of the trial of the case, and not to the failure of the trial judge after the adjournment of the court to comply with an administrative duty connected with the appeal of the case. It might happen that by some act or omission of the trial judge after adjournment of the court an appellant would sustain material injury in his right to prosecute his appeal after the time fixed by the statute for filing bills of exceptions had elapsed, and the statute should not be given an interpretation that would in some cases deny an appellant a substantial right.

[6] There is no statement of facts accompanying the record, and as presented by this record appellant is entitled to have the judgment of the trial court reversed because the findings of fact of the trial court, not having been filed within the time required by the statute, cannot be considered by this court.

It follows from these conclusions that the motion for rehearing should be granted, our former judgment set aside and opinion withdrawn, and the judgment of the trial court reversed and the cause remanded, and it has been so ordered.

Motion granted.