## CLAYTON v. JOBE et al.
### No. 4470.

Court of Civil Appeals of Texas. Texarkana.
May 15, 1934.

Rehearing Denied May 24, 1934.

I. C. Underwood, of Marshall, for appellant.

J. B. Hatchitt, of Longview, J. C. Farmer, of Tulsa, Okl., and Wm. Hodges, of Texarkana, for appellees.

SELLERS, Justice.

Wallace Jobe and T. D. Templeton brought separate suits against William Clayton in the district court of Gregg county. Both suits were brought for the purpose of recovering their respective interest in certain lands located in Gregg county, and by an alternative plea both Jobe and Templeton sought to cancel quitclaim deeds executed by them to Clayton on the ground of fraud in securing their execution. These cases were consolidated and tried to a jury, and on the jury's verdict the court entered judgment for Jobe and Templeton canceling their respective quitclaim deeds to Clayton. From this judgment, Clayton has appealed to this court.

■ We have concluded that this court has no jurisdiction of this appeal in that notice of appeal essential to confer jurisdiction upon this court was not given during the term at which the case was tried.

It appears from the record that this case was tried before the Honorable R. J. Williams, judge of the One Hundred Second judicial district, while he was presiding as judge of the One Hundred Twenty-Fourth judicial district court of Gregg county. The regular term of said court at which the case was tried and judgment entered began November 7, 1932, and ended December 31, 1932. On November 11, 1932, the court entered judgment in the case and a motion for new trial was filed by appellees on November 28th. This motion was afterwards amended on January 13, 1933, and on this date the motion was overruled by Judge Williams and notice of appeal to this court was given. There is contained in the record the following order:

"Whereas, the regular November Term of the 124th Judicial District, Gregg County, Texas, having been extended to the 14th day of January, A. D. 1933, for the purpose of hearing motion for a new trial now pending before the Court in the consolidated cases of Wallace Jobe v. Wm. Clayton and T. B. Templeton v. Wm. Clayton, Nos. 7983 and 8012.

"Whereas said consolidated cases were tried before Judge J. R. Williams of the Bowie County District, and whereas it was impossible for Judge Williams to be present and hear said motion and for the purpose of disposing of said motion the November Term of the 124th District Court is hereby extended.

"This the 30th day of December, A. D. 1932.

"Will C. Hurst,

"Judge 124th Judicial District of Texas."

It further appears that Judge Williams was presiding over and holding the regular term of the district court of the One Hundred Twenty-Fourth judicial district by order and assignment thereto by the presiding judge of the First administrative judicial district.

■■ It will be observed that the regular term of the court, according to the time established by law, had expired at the time the court overruled the motion for new trial and the notice of appeal was given. A term of court continues until it is adjourned or expires according to the time established by law. It is the settled rule, though, that terms of court, although ended for other business, may be extended or continued for the purpose of a particular case. An instance of which is the extension of the term for disposing of a motion for new trial, and the giving and entry of a notice of appeal. Therefore the pertinent point is that of whether the regular term of the court had been legally extended or prolonged "for the purpose of hearing motion for a new trial" in this particular case.

■■ Article 1923 of our statutes, enacted in 1909, expressly authorizes "the judge presiding" when "in the midst of the trial of a cause," if he deems it expedient, to extend the regular term of a court for the single purpose of "the conclusion of such pending trial." It is immaterial whether such "presiding judge" be the regular judge or a visiting judge. Otherwise that court, so far as all other business pending in that court is concerned, ends at the time provided by law. In construing this article of the statute, the Galveston Court of Civil Appeals in Jefferson v. Williams, 286 S. W. 614, 615, had this to say:

"We think this article of the statute should be construed as only authorizing the extension of the term for the purpose of disposing of the case on trial, and so far as any other business of the court is concerned the term must be regarded as ended at the time fixed by law for its termination. To give this statute the construction placed upon it by the learned trial judge and appellees' counsel would confuse and impede the administration of the regular business of the court. Prosecution of appeals would be delayed, and judgments of the court would not become final and enforceable until after the case on trial had been finally disposed of, which might, as in the present case, drag its weary way through many weeks, and successful litigants might suffer serious detriment. We cannot believe the Legislature intended the statute to have this effect, and think the sole and only purpose and intent of the statute was to extend the term as to the case on trial."

This court has recently had occasion to construe an order extending the regular term of a district court beyond the time fixed by statute in all material respects the same as the order in this case, and it was there held that the regular judge of a district court was not given the power to extend the regular term of his court in the purpose to complete the trial of a particular case over which he did not preside. That only the judge presiding and actually trying the particular case had such power. Texas Mutual Life Ass'n v. Laster (Tex. Civ. App.) 69 S.W.(2d) 496. In 1927, by Act of the 40th Legislature, Regular Session, p. 228, c. 156 (Vernon's Ann. Civ. St. art. 200a), administrative judicial districts were created. By provision of that act, "any district judge of any district within the Administrative District" is expressly clothed with the power "to extend the regular terms of his court, and to call special terms, when necessary to carry out the purposes of this Act and dispose of pending litigation." Vernon's Ann. Civ. St. art. 200a, § 6. The grant of such power is there followed with the provision pointed out that:

"For the trial of cases and the entry of orders and the disposition of other business necessary, the judge of any district in this State, or any District Judge sent to any district in this State by the Presiding Judge of an Administrative District, shall have power, by entering an order on the minutes, to convene a special term of the court for the disposition of the business coming before the district court." Article 200a, § 6.

The power thus given to the judge by the act, of "to convene a special term of the court," as well as "extend the regular terms," is intended for the trial of cases and disposition of business generally. The meaning is in reference to trial and disposition of pending cases and business generally of "a special term." There is no limitation for the purpose of a particular case only, but any litigation pending could be disposed of in such extension or special term. There is a clear distinction between the meanings of "a special term" and extension of "the regular term" in order for "the trial of cases and the entry of orders and the disposition of other business necessary," and of "the extension of the term" for or "until the conclusion of such pending trial." This act of 1927 does not, expressly or impliedly, repeal article 1923, and therefore the two acts would have to be considered and construed together. In this view article 1923 would empower only the presiding judge actually trying the case to extend the term for the purpose of finally disposing of a particular case. The other act of 1927 would have application only to the extension of the term generally for trial of pending cases and busi-

ness. The present order would not be valid, and would fail of legal authority.

It is stated, however, that if the case had been before us on appeal, the judgment, in view of the record, should, we think, be affirmed.