BERNARD LA COUME V. THE STATE.

No. 17115. Delivered January 9, 1935.
Reported in 78 S. W. (2d) 203.

The opinion states the case.

*Thos. C. Turnley* and *E. H. Cavin,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

Glenn Warren, Roy Cusack and appellant entered into a conspiracy to rob Charlie Cansler, who had an iron safe in his home in Angelina County in which he kept money and valuable papers. Driving in an automobile from Galveston into Angelina County, appellant and his companions entered the home of Cansler. Cansler resisted and was killed. The safe was taken from the house and carried into Galveston County, where it was later discovered by officers. Glenn Warren testified that appellant killed deceased. Appellant admitted that he entered into the conspiracy to commit the robbery but declared that he had been assured by Warren and Cusack that no violence would be used. According to his version, he was not in the room when deceased was killed, had nothing to do with taking his life, and did not find out he had been killed until he (appellant) had left the house. On the occasion of the homicide, appellant was armed with a pistol.

The indictment was returned and appellant tried at a special term of court. Appellant made a motion to quash the indictment and excepted to the jurisdiction of the court, it

being alleged that the regular and special terms were running concurrently by virtue of an order extending the regular term. In view of the fact that the record contains no order extending the regular term, we are not called upon to determine whether a special and regular term may run concurrently in the same county. Nor is it necessary to decide whether we approve the holding of the civil courts to the effect that article 1923, Revised Civil Statutes, 1925, authorizing the extension of a term until the conclusion of a pending trial only warrants such extension for the purpose of disposing of the case on trial, and so far as any other business of the court is concerned the term is regarded as ended at the time fixed by law for its termination. See Jefferson v. Williams, 286 S. W., 614.

Appellant requested the court to instruct the jury as follows: "You are instructed that if the defendant Bernard LaCoume entered into an agreement and conspiracy with Roy Cusack and Glenn Warren to burglarize the home of the deceased, Charlie Cansler, but did not contemplate that the deceased would or might be killed, but on the contrary was informed and believed that the venture was safe, so far as personal violence being inflicted upon the deceased was concerned, and understood and believed that such would not be done, but that during the commission of said burglary, another than the defendant killed the deceased on his own account, and that the defendant being present neither aided, abetted nor encouraged such other person in said killing, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

The court declined to comply with appellant's request, but instructed the jury in the main charge as follows: "If you believe from the evidence that Bernard LaCoume did not kill Charlie Cansler, and that Bernard LaCoume did not assist or participate in the actual killing of Charlie Cansler, but that Roy Cusack and Glenn Warren, or either of them, did kill Charlie Cansler, and the killing of Charlie Cansler was not in any way connected with the common design and purpose, if any, of the said Bernard LaCoume, Roy Cusack and Glenn Warren, to rob Charlie Cansler, and that the killing of Charlie Cansler was done without the knowledge or consent of the said Bernard LaCoume, upon an independent impulse of either the said Roy Cusack or Glenn Warren, or both of them, and that such killing was not an act which might have been and should have been contemplated by the parties would result from their attempt to execute their original common intent and design, if any, to rob Charlie Cansler, or if you have a reason-

able doubt as to the above facts, you will acquit the defendant, Bernard LaCoume, and say by your verdict 'not guilty.' "

Appellant's requested instruction fails to embrace a correct proposition of law. We quote from Branch's Annotated Penal Code, sec. 691, as follows:

"Each conspirator is responsible for everything done by his confederates which follows immediately in the execution of the common design as one of its natural and probable consequences, even though it was not intended as a part of the original design. Kirby v. State, 23 Texas App., 13, 5 S. W., 165; Bowers v. State, 24 Texas App., 542, 7 S. W., 247; Mitchell v. State, 36 Texas Crim. Rep., 311, 36 S. W., 456; Isaacs v. State, 36 Texas Crim. Rep., 505, 38 S. W., 41; Henry v. State, 54 S. W., 592; Serrato v. State, 171 S. W., 1133; Gonzales v. State, 171 S. W., 1146; Martinez v. State, 171 S. W., 1153."

In Israel v. State, 230 S. W., 984, this court used language as follows:

"The act of Flores in shooting deceased would appear to be one of the reasonable consequences of the admitted design of the parties; and, if this were true, it would make appellant guilty, though there be no evidence of an express agreement to take the life of deceased. Kirby v. State, 23 Texas App., 13, 5 S. W., 165; Bowers v. State, 24 Texas App., 542, 5 Am. St. Rep., 901, 7 S. W., 247; Isaacs v. State, 36 Texas Crim. Rep., 505, 38 S. W., 40."

In Serrato v. State, 171 S. W., 1133, this court said:

"It is thus seen that if the crime committed is not in any way connected with the common purpose and design, but is an independent act of one of the parties, although he did it while engaged in the design, the others would not be legally responsible for such independent act, but if the crime was in furtherance of the common purpose and design, and the facts show that it was such an offense as might have been and should have been contemplated by the parties would be the result of the execution of the common design, and it was so executed, then all engaged in the unlawful purpose are equally guilty of the offense, although they, at the time, may have been engaged in some other part of the common purpose and design."

See also 12 Tex. Jur., p. 283.

Failing to find error, the judgment is affirmed.

*Affirmed.*

HAWKINS, J., absent.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.