## MORSE v. HOOVER.

### No. 4747.

Court of Civil Appeals of Texas. Amarillo.

April 19, 1937.

W. D. Fisher and Will Crow, both of Canadian, for appellant.

Hoover, Hoover & Cussen, of Canadian, for appellee.

STOKES, Justice.

The appellee, H. E. Hoover, was the owner of certain oil and gas leases, covering 3,000 acres of land in Cooke county. At some time prior to February 11, 1936, he entered into a contract with appellant, Malcolm W. Morse, under the terms of which appellant agreed to finance the drilling of a test well on the leases in an effort to discover and produce oil or gas. In compliance with the contract, appellant entered into negotiations with drilling contractors, which resulted in a contract between him and such contractors for the drilling of the well, and as consideration for financing the same appellant was to receive an interest in the oil and gas leases. It developed that appellant was unable to finance the enterprise, and on February 11, 1936, he and appellee entered into a supplemental contract, by the terms of which appellee agreed to advance $1,350 to pay for the casing to be used in the well. It was agreed that a certain portion of the acreage which belonged to appellant would be sold and from the proceeds appellee reimbursed for the $1,350, and the driller paid his compensation. Appellant filed his copy of the supplemental contract with the county clerk of Cooke county, and same was spread upon the deed records of that county. The supplemental contract contained a provision that in case of litigation between the parties over the contract, venue thereof should be laid in Hemphill county. This suit was filed in the district court of that county on March 19, 1936, by appellee, in which it is alleged the appellant is a resident of the state of Massachusetts, and that immediately after the execution of the supplemental contract he abandoned the enterprise and neglected, failed, and refused to carry out his part of the obligation or make any attempt to comply with the contract, as a result of which he had forfeited all his right, title, and interest in and to the oil and gas leases or any profit that may be derived from drilling the well. Appellee alleged that the filing of the contract for record and its having been recorded in the deed records of Cooke county cast a cloud upon his title to the leasehold estate in the lands, and that same should be removed and the contract declared null and void and expunged from the records of Cooke county.

On May 11, 1936, appellant, Morse, filed a petition for removal of the case to the federal court, and same was, by order of the district court, transferred to the federal court on the 13th of May. Upon consideration of the matter by the federal court, the cause was remanded to the district court of Hemphill county, and immediately thereafter appellant filed a plea of privilege, alleging that he was a resident of the state of Massachusetts, and that the land being located in Cooke county, Tex., venue of the cause was laid in Cooke county, and praying that the same be removed from Hemphill county to the district court of Cooke county. This plea was filed on May 23, 1936, and on May 28, 1936, appellee filed a controverting affidavit to the plea of privilege. On that day the trial court entered

an order setting the hearing upon the plea of privilege and controverting affidavit for Saturday, June 20, 1936, at the courthouse at Canadian, in Hemphill county. On the 30th of May, 1936, the clerk issued notice to appellant to appear on the day set for hearing of the plea of privilege, which was served on appellant on June 1, 1936.

The term of the district court of Hemphill county, as fixed by statute, convened at Canadian on the 11th of May, 1936, and continued four weeks, the statutory term terminating on June 6, 1936. On June 6th, the trial court entered the following order:

"No. 2250. H. E. Hoover vs. Malcolm W. Morse.

"On this 6th day of June, 1936, this court being in the midst of the trial of the above numbered and entitled cause, and the time for the expiration of this, the May term, 1936, having arrived, and I, E. J. Pickens, Judge of said court, deeming it expedient to extend the term of this court until the conclusion of such pending trial; it is therefore ordered, adjudged and decreed by the court that the said May, 1936, term of this said court be and the same is hereby extended until the conclusion of such pending trial of the above numbered and entitled cause, and until a final disposition of such pending trial is had and entered of record in the Minutes of this court."

When the hearing upon the plea of privilege was called for trial on the 20th of June, appellant filed a motion to quash the notice of the hearing, and after hearing the plea and controverting affidavit, the court overruled the plea of privilege and the motion to quash the notice, to which appellant duly excepted and gave notice of appeal.

The case is before this court on a number of assignments of error which involved two questions: First, in face of a plea of privilege, is venue of the cause of action properly laid in Hemphill county by virtue of the agreement of appellant in the supplemental contract that any litigation arising thereunder should be prosecuted in that county; and, second, did the district court of Hemphill county have authority to extend the term and subject appellant to a hearing upon the plea of privilege on June 20, 1936, under the circumstances revealed by the record?

In the view we take of the case, it is perhaps not necessary to discuss the first question, but, as the case must be reversed upon the second point, and in view of another trial upon the plea of privilege, we have concluded to express our views upon the first also.

To defeat the plea of privilege, appellee contends that this is not a suit for the recovery of lands or damages thereto or to remove incumbrances upon the title to land, or to quiet the title to land, etc., so as to bring it within subdivision 14 of article 1995, R.C.S.1925. The contract provided that appellant should perform certain duties in regard to drilling the well, pay the expenses thereof, and, as consideration for such services, he should have an interest in the oil and gas leases. It has many times been held by the courts of this state that leases for oil and gas development which carry with them an interest in the oil or gas that may be developed constitute an interest in the land. The suit had for its object the cancellation of the contract which provided that, upon certain contingencies and the performance of stipulated services, appellant should be entitled to an interest in the leases, which were admittedly located in Cooke county. This contract was placed of record in Cooke county and it was for the purpose of removing the effects of the contract and its record in Cooke county that the suit was filed. Appellee alleged that, in placing the contract of record, appellant had cast a cloud upon his title to the leases, and prayed that the contract be declared null and void and that the claim of appellant in and to any of the leasehold estate be declared of no force or effect and that said contract be released of record.

We think it is clear that the suit is one for the removal of encumbrances upon the title to the land covered by the leases and to quiet the title to the land.

Subdivision 14 of article 1995 provides that the venue of such suits shall be in the county where the land is situated, and we think the venue of this case is properly laid in Cooke county unless it is defeated by the provision of the contract to the effect that in case any litigation between the parties should arise or it should become necessary to settle any difference in court growing out of the same, the venue should be in Hemphill county.

In the case of General Motors Acceptance Corporation v. Christian (Tex.Civ.App.) 11 S.W.(2d) 620, 621, it is said: "It appears to us that the contract sued upon, and especially that part relative to where the note shall be paid, is clearly an attempt to fix venue by contract, which cannot be legally done, as held by our Supreme Court in Interna-

tional Travelers' Association v. Branum, 109 Tex. 543, 212 S.W. 630."

The case cited sustains the proposition announced by the Court of Civil Appeals above quoted and cites many other cases in this and other states and in the Supreme Court of the United States, all of which are to the same effect. It is well established, also, that nonresidents, upon becoming litigants in our courts, are entitled to the same privileges that are given to residents of the state under our venue statutes. Knoles v. Clark (Tex.Civ.App.) 163 S.W. 369.

Upon the question of the authority of the trial court to extend the term as was done in this case, article 1923, R.C.S., provides that: "Whenever a district court shall be in the midst of the trial of a cause when the time for the expiration of the term of said court arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. The extension of such term shall be shown in the minutes of the court before they are signed. If the term is extended as herein provided, no term of court in any other county shall fail because thereof, but the term of court therein may be opened and held as provided by law when the district judge fails to appear at the opening of a term of court."

 Under this statute, where the court is in the midst of a trial and it becomes necessary, in the judgment of the trial judge, to extend the term in order to complete the trial of the case, he has ample authority to do so. The court is limited, however, to the completion of the case then on trial and has no authority by virtue of the statute to extend the term generally for the trial of other cases and the disposition of other matters that may be pending on the docket. It is very clear from the wording of the statute that it was not the purpose of the Legislature to clothe the trial judge with power to extend the term in such manner as that the general business of the court may be transacted during such extension. The purpose of the lawmakers to limit the business of the court during the extended period to matters relating to the case then on trial is revealed by the provision of the statute to the effect that no term of court in any other county shall fail because of the extension, but the term of court in such other county may be opened and held as provided by law when the district judge fails to appear at the opening of a term of court. The Legis-

lature had in mind the thought that if the judge was holding court in one county of the district, and it became necessary to extend the term in order to complete the trial of a case that had been commenced before the term adjourned, the judge would be detained and could not be present at the term in the next county. It, therefore, provided, that the court may be opened in the next county as provided by law when the district judge fails to appear.

In the case of Jefferson v. Williams, 286 S.W. 614, 615, the Galveston Court of Civil Appeals, in discussing the article of the statute here involved, said: "We think this article of the statute should be construed as only authorizing the extension of the term for the purpose of disposing of the case on trial, and so far as any other business of the court is concerned the term must be regarded as ended at the time fixed by law for its termination. To give this statute the construction placed upon it by the learned trial judge and appellees' counsel would confuse and impede the administration of the regular business of the court. Prosecution of appeals would be delayed, and judgments of the court would not become final and enforceable until after the case on trial had been finally disposed of, which might, as in the present case, drag its weary way through many weeks, and successful litigants might suffer serious detriment. We cannot believe the Legislature intended the statute to have this effect, and think the sole and only purpose and intent of the statute was to extend the term as to the case on trial." To the same effect are the following cases: Clayton v. Jobe (Tex. Civ.App.) 71 S.W.(2d) 911; Wichita Falls Traction Company v. Cook, 122 Tex. 446, 60 S.W.(2d) 764; Alexander v. State, 84 Tex.Cr.R. 75, 204 S.W. 644; Stephenson v. Nichols (Tex.Civ.App.) 272 S.W. 220; Gulf, C. & S. F. R. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 4 A.L.R. 613; Hill v. State, 41 Tex. 253.

 If an order extending the term, such as is provided by the statute, had the effect of extending the term generally so as to enable the court to proceed with the general business on the docket in the same manner as if the term were still in regular session, it follows as a matter of course, the hearing on a plea of privilege could be set for a day which falls within the extension, but after the expiration of the statutory term, although it could not have been heard during the statutory period for lack of sufficient notice. But, where the plea of priv-

686

ilege is not on trial and no other phase of the case is in actual trial before the court when the term expires, the court is without power to extend the term in order to give time for notice. It has been held, also, that a plea of privilege cannot be heard in vacation. Law v. Lubbock Nat. Bank (Tex.Civ. App.) 11 S.W.(2d) 244.

The question arises, then, was this case on trial when the term of court expired on June 6, 1936? The record shows that, after the case had been remanded by the federal court, the plea of privilege was filed by appellant, and on the 28th of May, 1936, the trial judge noted upon the plea of privilege and controverting affidavit that the same was set for hearing at the courthouse in Canadian on Saturday, the 20th day of June, 1936, at 10:00 o'clock a. m. The main case could not, under the law, be called for trial until after the plea of privilege had been disposed of. It is clear, therefore, that the main case between the parties was not on trial before the court on the 6th of June because no disposition had been made of the plea of privilege. The plea of privilege and controverting affidavit could not have been upon trial before the court because, before the expiration of the regular term, the court had set that matter to be heard on the 20th of June, and it is obvious from the record that no phase of this case could possibly have been in the process of trial when the court adjourned by law on June 6th. The court was, therefore, without power to extend the term until June 20, 1936, for the purpose of hearing the plea of privilege and controverting affidavit and the proceedings had on that day with reference to the plea and affidavit were of no force or effect.

Appellee takes the position that, if the court did not have authority to extend the term under article 1923, Revised Civil Statutes, he did have such authority under article 200a, § 6 (Vernon's Ann.Civ.St.), and the order entered by him was sufficient to extend the term as provided by the act last mentioned. It is clear from the record before us that the trial judge did not attempt to extend the term under the provisions of that act. It is not shown by the record nor contended by appellee that a visiting judge had been commissioned to hold court in place of the regular judge, nor was anything else shown that would bring the situation of the court under the conditions contemplated as producing a necessity for anything that is provided in article 200a. Under that article, the judge is authorized to extend the

term or call a special term "when necessary to carry out the purposes of this Act and dispose of pending litigation." Section 6. When such an order is entered, it has the effect of extending the term generally for the purpose of disposing of any business that could have been disposed of during the regular term. The order entered by the judge in this case did not mention pending litigation generally but referred specifically to the plea of privilege in this case and, by its terms, comes clearly under the provisions of article 1923.

It follows from what we have said that the judgment of the trial court must be reversed and the cause remanded, and it is so ordered.

Reversed and remanded.