ALBERT LEE HEMPHILL v. THE STATE.

No. 19185.   Delivered November 17, 1937.

The opinion states the case.

*Sidney S. Smiley* and *Milton K. Norton,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder with malice aforethought, and his punishment was assessed at death.

At his trial, he reserved four bills of exceptions which he brought forward, each of which he contends reflects reversible error.

His first bill shows that the district attorney, in reading the written dying declaration of the deceased to the jury, misread the last sentence thereof, to which appellant objected. The court promptly sustained the objection, and the district attorney immediately confessed the error and corrected it. The court, in its qualification of said bill, states that the dying declaration was offered in evidence and submitted to the jury for their inspection. We fail to see how appellant was injured or his legal rights prejudiced thereby.

Bill of exception number two recites that the special investigator for the district attorney visited the fatally injured party, who made a verbal statement of what occurred at and just before the time he was shot by one of the robbers. The investigator then went to his office, wrote out the dying declaration, returned to the bedside of the injured party, and read it to him. The injured party, after making the following addition thereto, signed it and stated that it was correct: "The tall one was blacker in color than the other two, and had a scar or something wrong with his face."

Appellant's only objection was that the witness wrote what he considered the substance of the dying declaration. The court, in its qualification of said bill, states that the witness testified that he wrote the declaration exactly as it was given by the deceased. Furthermore, the witness in testifying orally, related the declaration as made to him by the deceased. The bill as thus qualified, fails to reflect any error.

By bill number three, appellant complains because the court declined to sustain his motion for a peremptory instruction on the ground that the testimony given by John Wesley Morris, a co-defendant, was not sufficiently corroborated as to the material facts testified to by him. We do not deem it necessary to set out at length the testimony of the various witnesses to show corroboration of Morris' testimony. Appellant, who testified in his own behalf, admitted every fact testified to by Morris, except that he had a pistol, or that he suggested, agreed to aid, or assisted anyone in committing robbery, or the offense charged.

Appellant's fourth and last contention is that the court erred in overruling his motion for a new trial, because the evidence

was insufficient to justify and sustain his conviction of the offense of murder.

The testimony of John Wesley Morris shows that appellant, Otis Simms, Nathaniel Grissom and Morris, met at a beer tavern in the City of Dallas on the night of December 9; both Simms and appellant had a pistol; Grissom said: "Let's go make some money."

From the tavern, they went up the street, and when they arrived at the deceased's place of business, one of them entered and purchased a bar of peanut candy, which they divided among themselves. A few minutes later, Simms, Grissom and appellant, in accordance with a previous understanding, went back into the store, ostensibly to purchase more candy, while Morris remained outside and kept watch. After Grissom had made a purchase, and while the deceased was giving him the necessary change, Otis Simms took the money from the deceased and shot him a number of times. Appellant was in the store at the time, standing near a show case some ten or twelve feet away. All the parties fled. Morris testified for the State, in substance, to the facts hereinabove set forth. The deceased's dying declaration corroborated the testimony of Morris as to what occurred immediately prior to and at the time of the robbery, including the infliction of the fatal injury. Appellant's contention seems to be that even if it be conceded that they had agreed to commit robbery, he could not be convicted of the offense of murder, because Simms shot the deceased after the offense was committed, upon an independent impulse and foreign to the original design, if any.

If he contemplated the result, he is answerable, though it was produced in a manner in which he did not contemplate. If he did not intend it in kind, yet if it was the ordinary effect of the cause, he is responsible. It follows, then, that after the defendant conspired with the others to rob the deceased, at all hazards, and if necessary to kill him in case he resisted, he would be responsible for the act of the others; or if they murdered the deceased with a view of covering up the crime already committed, he would be responsible for the act of Simms.

In the case of Kirby v. State, 23 Texas App., 13, this court, speaking through Judge White, said:

"We have in the evidence before us a common design to escape from jail; preparations to effect that purpose; a deadly weapon prepared as a means to be used, if necessary, in the accomplishment of the common purpose; the use of the deadly weapon by one of the parties in endeavoring to carry out the

common design. Such a homicide, committed under such circumstances, is not a collateral, independent act of the actual perpetrator, but is the act of all, because it was an act directly incident to and growing out of the common design of all."

In support of what we have said herein, we refer to the following authorities: La Coume v. State, 78 S. W. (2d) 203; Shelburne v. State, 11 S. W. (2d) 519; Mitchell v. State, 36 Texas Crim. Rep., 278.

The court, in its charge, adequately instructed the jury on the law applicable to the facts, and no objections were made thereto. It occurs to us that the last question presented by appellant was a question of fact, which was decided adversely to him.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

GRAVES, J., absent.