**TEXAS EMPLOYERS' INS. ASS'N v. LANE et al.**

**No. 12538.**

Court of Civil Appeals of Texas. Dallas.

Jan. 7, 1939.

Rehearing Denied Feb. 11, 1939.

Head, Dillard, Maxey-Freeman & McReynolds, and C. H. Gillespie, Jr., all of Sherman, for appellant.

Brame & Brame, of Sherman, for appellees.

BOND, Chief Justice.

This is an appeal from a judgment awarding to appellee, C. C. Lane, "the sum of $850. together with the further sum of $250. as attorneys fee, such attorneys fee to be paid to Brame & Brame, a firm composed of O. R. Brame and M. S. Brame", less a credit of $850 which had theretofore been paid to Lane, and directing that the said $250, with interest, be paid to the attorneys.

The judgment has for its basis three workmen's compensation claims in which C. C. Lane was the employe, Kimbell-Diamond Company the employer, Texas Employers' Insurance Association the compensation carrier, and Brame & Brame, the injured employe's attorneys. Three suits were filed by Brame & Brame to set aside awards of the Industrial Accident Board and to recover the compensation allowed by law for incapacities resulting to Lane in the course of and growing out of his employment. The petitions contain all necessary allegations disclosing jurisdictional facts for trial of the three cases in the District Court, the extent and duration of the employe's injuries, his incapacities and the amount of recovery to which he was entitled under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., and, in effect, alleged that plaintiff had employed Brame & Brame as his attorneys and agreed to pay them one-third of the amount recovered.

The record reveals that Brame & Brame had a written contract of employment with their client, authorizing them to file the suits, settle, compromise, or otherwise dispose of the claims involved, conveying, assigning and transferring unto them "a one-third interest in any and all sums of money that may be paid or realized by reason of the aforesaid cause of action;" that Brame & Brame took all necessary steps to procure from the Industrial Accident Board the final orders, decrees and judgments, and, that on April 2, 1935, filed the three separate and independent suits to set aside the awards and recover all compensation allowed by law.

On April 14, 1937, the three suits, under direction of the Court, were consolidated as one suit and the parties ordered to amend their pleadings. In compliance with the order, plaintiff and defendant filed amended pleadings. In the amendment, plaintiff, through other and different attorneys, closely followed the allegations in the original petitions filed by Brame & Brame, excepting therefrom all reference to attorney's fee; and the defendant's amended answer consisted of a general demurrer, general denial, and special defense of settlement, reciting that "plaintiff acting of his own volition, and with the full benefit and advice of his counsel, has, for the sum of $850. to him in cash actually paid, released all his claims for compensation growing out

of and occasioned by each of the occurrences allowed by him in said first amended original petition, and has discharged and acquitted the defendant from all and singular, the claims and demands asserted in said pleading."

On hearing of the consolidated cause of action, without the intervention of a jury and without the knowledge or consent of Brame & Brame, judgment was thus rendered against the plaintiff, that he recover nothing; detailing, however, the incident of the injuries, the extent of incapacity, the nature and presentment of the claims before the Industrial Accident Board, the awards and appeals therefrom, the filing and consolidation of the three suits and reciting that "On this day, this cause being called for trial, came C. C. Lane, the plaintiff, in person, and by O. F. Nossaman and O. H. Woodrow, his sole and only attorneys of record in this cause. * * * the plaintiff C. C. Lane, acting of his own free will, and under the advice and direction of his attorneys of record in this cause, accepted from the defendant, Texas Employers' Insurance Association, the sum of $850.00, and for the said sum of $850.00 did release the defendant finally and conclusively, from all further claims, demands, and causes of action which he has had, now has, or may hereafter have, growing out of each and all of the said injuries. Because of the said payment and the said release of the defendant by the plaintiff, the court finds against the plaintiff for all of said claims, and that the defendant is entitled to go hence without day as to said claims, and each and all of them". It will be observed that no reference was made in the judgment as to attorney's fees due to Brame & Brame. They were attorneys of record and up to the time of the consolidation of the causes, and the filing of the amended pleading, they were the only attorneys of record in the pending causes.

On learning of the filing of the amended pleadings and the entry of the judgment which completely eliminated the claim for attorney fees, Brame & Brame, on May 15, 1937, being the last day of the term of the court, filed a motion suggesting the erroneous judgment, and asked that the term of court be extended until such day certain that the motion could be considered and determined, and disposition made thereof. Thereupon, the court sustained the motion and made the following order:

"C. C. Lane v. Texas Employers' Insurance Association. No. 44039. May 15, 1937. On this the 15th day of May, A. D. 1937, it appearing to the court that a motion to set aside the judgment entered on May 14, 1937, in the above styled and numbered cause has been filed on this date, May 15th, 1937, which motion has not been disposed of and cannot be disposed of on this date, and that a necessity exists for the disposition of said motion and any amendments which may be made thereto during the present term of this court; and whereas, the present term of this court by statute, convened on March 8th, 1937, and ends on May 15th, 1937, and whereas, it is imperative that the aforesaid motion pending before this court be disposed of during the present term of court, and a necessity exists for the continuation of the present term of this court so that such motion may be disposed of during this term.

"It is, therefore, ordered, adjudged and decreed by the court that the present term of this court which convened on March 8th, 1937, be and the same is hereby continued in session up to and including May 29th, 1937, as far as this case is concerned for the purpose of disposing of the aforesaid motion and any amendments which may be made thereto".

On May 28, 1937, Brame & Brame filed an amended motion in said cause, alleging, in effect, that the procurement of the judgment of May 14, 1937, was in derogation of their rights, in that, the court, under misapprehension of the true facts, failed to fix and enter judgment for their fees, accordingly, the movants sought to have the judgment set aside, changed and reformed, as to effectively allow them a reasonable fee for services rendered and in accordance with their contract of employment.

On filing of the amended motion, the defendant filed replication, challenging the jurisdiction of the court to hear and determine the issues involved, the right of the court to extend its term, after the expiration of the day fixed by law, and to change or reform the judgment as to grant the relief of the attorneys.

The amended motion was heard and sustained by the trial court on May 28, 1937, and the order sustaining the motion recites that "all parties having appeared and announced ready, the court proceeded to hear said amended motion together with the

evidence adduced and after having heard and considered same together with the evidence heretofore adduced and having examined the said judgment, finds that said judgment does not dispose of all the issues in this case, does not conform to the terms of the settlement agreed upon by and between the parties hereto and is not the judgment which the court intended to enter but should be amended, corrected and reformed and that the judgment hereinafter set forth should be entered in lieu thereof: It is therefore ordered, adjudged and decreed by the court that said amended motion be, and the same is hereby granted and that the said judgment herein dated May 14th, 1937 be, and the same is hereby, set aside and the court here now of his own motion, in lieu of said judgment, enters the following as the judgment of the court herein, to-wit:" Here the judgment contains the recitals of findings of facts adduced on the hearing, the chronological incidents of the various steps taken by Brame & Brame, as attorneys for the plaintiff, affecting the claims, the ultimate filing of the suits, the pronouncement of the judgment of May 14, 1937, and then concludes: "It is therefore ordered, adjudged and decreed by the court that each and all of the said judgments, awards and decisions of the Industrial Accident Board of the State of Texas be, and they are hereby, adjudged to be void, and without effect, and that the plaintiff, C. C. Lane, is entitled, under the terms of the agreement entered into by and between the parties, to recover of and from the defendant, Texas Employers' Insurance Association, the sum of $850.00 together with the further sum of $250.00 as attorneys fee, such attorneys fee to be paid to Brame & Brame, a firm composed of O. R. Brame and M. S. Brame, and it appearing to the court that the said plaintiff, C. C. Lane, has received from defendant the said sum of $850.00 but that the said sum of $250.00 herein adjudged to be due to the said Brame & Brame has not been paid, it is ordered, adjudged and decreed by the court that the said Brame & Brame, a law firm composed of O. R. Brame and M. S. Brame, do have and recover of and from the defendant, Texas Employers' Insurance Association, a corporation, the said sum of Two Hundred Fifty ($250.00) Dollars with interest thereon from this date at the rate of six per cent per annum. It is further ordered that all costs of court be, and the same are hereby, taxed against the defendant. For all of which execution may issue. To which action of the court the defendant excepts and in open court gives notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas sitting at Dallas, Texas; and the defendant is allowed 50 days in which to file statement of facts and bills of exception".

In due time appellant perfected the appeal, making Brame & Brame and C. C. Lane joint obligees in the supersedeas bond, designating them as appellees in the record. The judgment appealed from is the one last above mentioned, and, unless there was a lawful extension of the regular term of the district court at which this cause was tried, the judgment complained of is void and no notice of appeal having been given in open court, the appeal is nullius juris.

Article 1923 of the Revised Civil Statutes of 1925, provides: "Whenever a district court shall be in the midst of the trial of a cause when the time for the expiration of the term of said court arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. The extension of such term shall be shown in the minutes of the court before they are signed". Etc. This article has been construed as authorizing only the extension of the term for the conclusion of the pending trial of the particular cause in and on account of which the order is made and not the extension of the term generally. Jefferson v. Williams, et al., Tex.Civ.App., 286 S.W. 614; Clayton v. Jobe et al., Tex.Civ.App., 71 S.W.2d 911, application for writ of error refused; Morse v. Hoover, Tex.Civ.App., 105 S.W. 2d 682–686; Hamilton et al. v. Empire Gas & Fuel Co. et al., Tex.Com.App., 110 S.W. 2d 561. The language used in the article tends to, and, we think, does give the presiding judge discretionary power, if he deems it expedient to extend the term; and the exercise of that power is brought about, not by any particular procedure or manner of its procurement. The presiding judge has the power on his own motion to direct and determine the necessity for extension of the term of his court to attain the conclusion of the pending trial of a particular cause.

A proper and final entry of judgment in the pending trial is a necessary and indispensable part of it; indeed, the action of the court in considering, determining and disposing of the pending cause, to review

and enter a proper judgment, or change and amend a judgment erroneously procured or entered, are matters which the presiding judge may deem of sufficient importance to extend the term.

The facts suggested by the original motion of Brame & Brame, that the judgment pronounced in the pending trial was erroneous and in derogation of their rights as attorneys of record for the plaintiff, is, we think, sufficient to call the attention of the trial court to matters affecting the trial, and sufficient to authorize the presiding judge to extend the term of court to meet the end of justice. Thus, we are of the opinion that the order extending the term after the expiration of the regular term of court to dispose of the matter brought to the attention of the presiding judge by Brame & Brame, the parties primarily affected by the judgment, was proper; and that the notice of appeal was effectively made within term time, as required by law, to confer jurisdiction on this court. This leads to the gravamen of this controversy: May a compensation insurance carrier defeat plaintiff's attorneys of the fruits of their labor in the manner suggested by the record:

Section 7d of Art. 8306 (Workmen's Compensation Act) authorizes an injured employe to contract with an attorney for a fee, not to exceed in amount one-third of the recovery, but empowers the court trying the cause to fix and allow judgment for a reasonable attorney fee. It is within the power of the court to fix the fee at such an amount as it may deem adequate for the service rendered, not to exceed in amount allowed by law. Such matter is left entirely with the trial court and is not a matter for decision by a jury. Fidelity Union Cas. Co. v. Dapperman, Tex.Civ.App., 53 S.W.2d 845; Employers' Liability Assur. Corporation, Limited, v. Sims, Tex.Civ. App., 67 S.W.2d 445. The right to contract for the services of an attorney is legal, and the act above mentioned clearly lodges in the courts the discretion to fix a fee, limited, however, to an amount not exceeding one-third of the recovery. An injured employe may select and contract for such services, but he cannot contract as to avoid the discretion lodged in the court to fix the amount. The statute granting to an injured employe such right to contract, and the court to fix and allow judgment for a reasonable attorney fee, vests in the attorney a present beneficial interest in the claim,

and which may not be divested by the client without a judicial ascertainment.

It has been ofttimes held that attorneys who hold contracts of employment, such as the one here, were neither necessary nor proper parties in a suit to set aside an award of the Industrial Accident Board. Texas Employers' Ins. Ass'n v. Mints, Tex. Civ.App., 10 S.W.2d 220; Texas Employers' Ins. Ass'n v. Glass et al., Tex.Civ.App., 2 S.W.2d 902; Texas Employers' Ins. Ass'n v. Fitzgerald, Tex.Civ.App., 292 S.W. 925. The statute does not require the presence of the attorney as a party litigant; the court alone fixes the fee and enters judgment on the injured employe's pleadings, reserving, however, the beneficial title and interest to the attorneys. With this title and ownership go all the rights and privileges which follow the ownership of any like property, however acquired, and reserves to the attorneys the right of enforcement in their own name, regardless of the action of their client. Indeed, the injured employe has the right to compromise and settle his own interest in the controversy, but he cannot control or settle that which does not belong to him. Certain rights and benefits were, by the statute, given to workmen not theretofore possessed, and a litigant asserting rights thereunder will have to accept its burdens, as well as its benefits. It restricts the workmen's right to contract, as already mentioned, and lodges in the courts the right to fix the fee, thus differentiates such cases from cases arising under ordinary contracts of employment of attorneys where a present fixed interest in a cause of action is assigned.

Construing the record in this case, Brame & Brame were the attorneys for the injured employe, C. C. Lane, to recover compensation for injury received in the course of his employment; they filed the suits, alleging necessary facts for recovery for allowables under the Compensation Law, including proper pleading in respect to the allowance of an attorney fee to warrant the court to fix a fee and to enter judgment therefor. Brame's contract of employment was in writing, properly filed with the papers of the cause, noted on the docket of the court, and actual notice given to appellant and its attorneys. The settlement was made without the knowledge or consent of Brame & Brame, resulting in the consolidation of the suits, the repleading of the parties, and the pronouncement

of the judgment, thus eliminating the claim for attorney fee.

We think, under the circumstances, Brame & Brame were aggrieved parties to the suit, and in their amended motion, on which the judgment complained of is based, tantamount to a plea of intervention to warrant the court to fix the fee and enter the judgment, irrespective of the action of their client. The plaintiff and defendant cannot control or settle the rights of the attorneys in the suit, without their knowledge or consent, thus depriving them of the fruits of their services rendered in the case. It necessarily follows that appellants' assignments are overruled; the judgment of the court below is affirmed.

Affirmed.