## UNITED EMPLOYERS CASUALTY CO. v. MERTEL.

### No. 5244.

Court of Civil Appeals of Texas. Amarillo.

April 29, 1940.

Rehearing Denied May 27, 1940.

Will R. Saunders, of Dallas, and Simpson, Dorenfield & Fullingim, of Amarillo, for appellant.

Clayton Heare, of Shamrock, and Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellee.

STOKES, Justice.

This case is before us upon a motion of appellee to dismiss the appeal upon the ground that the appeal bond was not filed within the time prescribed by law and this court, therefore, does not have jurisdiction of the appeal. The record shows that the case was tried at the November term, 1939, of the district court of Wheeler County. The trial began on December 18, 1939, and judgment was rendered by the court upon the verdict of the jury December 29, 1939. Under the provisions of Art. 199, Sec. 31, R.C.S.1925, Vernon's Ann. Civ.St. art. 199, subd. 31, the terms of the district court in Wheeler County are limited to 7 weeks each, and the term at which this case was tried came to an end under the provisions of that statute on December 30, 1939, the day following the date upon which the judgment was rendered. Appellant filed its motion for a new trial on the day the judgment was rendered and the trial court, on that day, entered an order extending the term until February 15, 1940, reciting in the order that such extension was necessary in order that appellant may prepare and file its amended motion for a new trial and that the court may be provided with sufficient time and opportunity to pass upon the same. The amended motion for a new trial was filed February 13, 1940, and on the same day it was overruled by the court and appellant duly excepted and gave notice of appeal. Appellant filed its supersedeas bond on appeal March 12, 1940, which was 28 days after notice of appeal was given and 26 days after the expiration of the term as extended by order of the court.

The motion of appellee is based upon the provisions of Art. 2253, R.C.S.1925, Vernon's Ann.Civ.St. art. 2253, to the effect that an appeal may be taken during the term at which final judgment is rendered by the appellant giving notice of appeal within 2 days after final judgment or the overruling of his motion for a new trial, and by his filing with the clerk an appeal bond or affidavit in lieu thereof within 20 days after the expiration of the term. It is further provided in the article that if the term of court may by law continue more than 8 weeks the bond or affidavit shall be filed within 20 days after notice of appeal is given if the party taking the appeal resides in the county, and within 30 days if he resides out of the county. The record shows that appellant is a non-resident of the county, but it is the contention of appellee that, inasmuch as the term of the court could not by law continue more than 8 weeks, in order to perfect its appeal and clothe this court with jurisdiction, it was necessary that the appeal bond be filed within 20 days after the expiration of the term, which expiration could not have been later than February 15, 1940.

Appellant contends that inasmuch as the term of court was duly and legally extended to February 15, 1940, by proper order entered by the district judge, the term at which the case was tried continued more than 8 weeks and, it being a non-resident of Wheeler County, it had, under the law, 30 days after giving notice of appeal in which to file its appeal or supersedeas bond. The question to be decided, therefore, is whether or not an order entered by the judge of a district court at a term which may, under the provisions of the statute, continue not more than 8 weeks, extending such term beyond 8 weeks, has the effect of changing the time in which an appeal bond may be filed to 30 days after giving notice of appeal where the appellant is a non-resident of the county, as provided by the latter portion of Art. 2253, from its flat provision of 20 days in which all appellants must file such bonds in appeals from cases tried in terms of court limited to 8 weeks by the statute.

Two other issues are presented by the motion and appellant's reply thereto, but this is the controlling question in the case and it will not be necessary for us to discuss the remaining issues.

■ Art. 1923, R.C.S.1925, provides that when a district court shall be in the midst of a trial of a cause and the time for the expiration of the term arrives, the presiding judge shall have power to extend the term until the conclusion of such pending trial. If the term is so extended, no term of the court in any other county shall fail because thereof, but the term of

court in such other county may be opened and held as provided by law when the district judge fails to appear at the opening of court. Upon a casual reading of the statute it may seem that, under its provisions, the district judge is clothed with power to extend the term generally as to all pending business that may appear upon the docket, but the courts have held in many cases that such was not the purpose and intention of the Legislature. It has consistently been held by our courts in all cases in which the matter has been in issue that the extension of the term authorized by the statute is only for the purpose of disposing of the case then on trial. It was said by the Court of Civil Appeals of the First District in the case of Jefferson v. Williams, 286 S.W. 614, 615: "We think this article of the statute should be construed as only authorizing the extension of the term for the purpose of disposing of the case on trial, and so far as any other business of the court is concerned, the term must be regarded as ended at the time fixed by law for its termination."

In the case of Hamilton v. Empire Gas & Fuel Co., Tex.Com.App., 110 S.W.2d 561, 565, the court said: "Article 1923 has been construed as authorizing only the extension of the term for the conclusion of the pending trial of the particular cause in and on account of which the order is made and not the extension of the term generally. Jefferson v. Williams (Tex.Civ. App.) 286 S.W. 614; Clayton v. Jobe (Tex. Civ.App.) 71 S.W.2d 911 (application for writ of error refused); Morse v. Hoover (Tex.Civ.App.) 105 S.W.2d 682, 685."

A reading of the cited cases will show that there has been no variation in the interpretation by our courts of the purpose and intention of the Legislature in enacting the statute nor in the meaning of its provisions. It is well settled, therefore, that under the provisions of this statute a district judge does not have authority to extend the term of his court beyond the day for its termination by law except for the purpose of completing the trial of a case in which he is then engaged.

■■■ Art. 2253, R.C.S., 1925, divides the trial courts, in respect to the matter of perfecting appeals from their judgments, into two classifications, first, those courts whose terms may by law, that is, by provision of the statute, continue for a term of 8 weeks or less and, secondly, those courts whose terms may by law, that is,

by statute, continue more than 8 weeks. The provision in respect to both classifications as to the time in which appeal bonds must be filed is the same in respect to residents of the county where the court is situated, but in the second classification, litigants in such courts who are non-residents of the county are given 30 days after notice of appeal is given in which to file their appeal bonds. The privilege extended to a non-resident litigant by the statute applies only to those courts whose terms "may by law" continue more than 8 weeks. Appellant contends that the law clothes the trial judge with authority to extend courts in the first classification so that they may continue more than 8 weeks and that, therefore, the term of the district court of Wheeler County in which this case was tried was by law continued more than 8 weeks, which had the legal effect of removing this particular term from the first to the second classification. We cannot agree with appellant in this contention. If such were the law, the district judge of any court in the state could, by order duly entered, remove any term of his court from the first classification to the second and thereby render nugatory the provisions of the statute with reference to filing appeal bonds in courts whose terms are limited to 8 weeks. The provision of the statute to the effect that, if the term of court may by law continue more than 8 weeks and the appellant resides out of the county where the case is tried, he may have 30 days after giving notice of appeal in which to file his appeal bond refers and applies to those courts only whose terms are by the provisions of the statute permitted to continue more that 8 weeks. When an order is entered by the district judge extending the term in order to dispose of a pending trial it refers only to the case then on trial and to those acts and procedure that are necessary for that purpose. As to all other matters the term ends when the time arrives at which it terminates under the provisions of the statute.

Appellant not having filed its bond within 20 days after the adjournment of the term of court as extended by the order of the district judge, its subsequent filing came too late and this court does not, under the law, have jurisdiction of this appeal. The motion of appellee to dismiss the same is, therefore, granted and the appeal dismissed.