## McADAMS v. STARNES.

### No. 4959.

Court of Civil Appeals of Texas.

El Paso.

Sept. 16, 1953.

Rehearing Denied Oct. 14, 1953.

Strasburger, Price, Kelton, Miller & Martin, Dallas, Jim C. Langdon, McCamey, for appellant.

Bob Huff, Lubbock, John A. Menefee, Rankin, for appellee.

FRASER, Justice.

This is a damage suit for personal injuries. Trial was to a jury on special issues. The judgment was filed April 11, 1953, which was the last day of the regular term of said court. On the same day an order extending the term of said court was filed. Motion for new trial was filed April 20, and amended motion for new trial filed on May 19. On June 4th the court heard and granted the motion by order filed the same date.

Defendant has appealed to this court, raising three points of error with reference to the trial of the case, and in addition asserts that the order extending the regular term of the trial court was void, and therefore the order of the court granting a new trial was void as being made after the expiration of the regular term of court. He then asks this court to reverse the judgment of the trial court and render judgment in his favor because of a finding of contributory negligence against plaintiff.

Plaintiff filed his brief containing three counter-points, and asked among other things in his prayer, that the appeal to this court be dismissed because the trial court had granted a motion for new trial from which there could be no appeal. It is therefore evident that the appeal rests primarily on the sufficiency of the trial judge's order extending the term.

"No. 1136  In the 83rd Dis-
"J. D. Starnes trict Court of
 vs.  Upton County,
Garner McAdams Texas.

"This the 10th day of April, 1953, the court being in the midst of the actual trial of the above numbered and entitled cause, and the time for extension of the term having arrived, and for such reason, the undersigned judge presiding in and at the actual trial of such cause deeming it expedient and it being necessary, it is ordered that the term of this court be, and it is hereby, extended until the conclusion of such pending trial, for the purpose of completing such trial and for such other

736

purpose as may be necessary for appeal purposes and for no other purpose.

"This order is one not only of the said Judge but of the said court and is shown in the minutes before they are signed by me, the said Judge.

"J. C. Epperson,
"Judge, 83rd District Court of Upton County, Texas."

■■ . Appellant cites the case of Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561 presumably on the ground that said order did not fix a definite time for the termination of the extension. However, careful reading of this case and the case of Clayton v. Jobe, Tex.Civ.App., 71 S.W.2d 911 sustains appellee's position, rather than that of appellant. It is clear from these and other cases too numerous to cite that a different rule applies to the two types of order extending regular court terms, and this is clearly pointed out by Justice Smedley in the case cited by appellant. Without going into an exhaustive analysis of the case, suffice it to say that it is clear that it holds that an order under article 200a., V.A.C.S., which provides for a general extension of the regular term by the District Judge must have a definite term or expiration date, as it could and usually does involve the disposition of more than one case, as well as other matters, whereas an order drawn under and pursuant to Art. 1923, V.A.C.S., which provides for the extension of the existing term by the *presiding judge* (italics ours) to conclude the trial of a case then on trial, does not need to set a certain named date but is sufficient if it recites that the term is extended until the conclusion of the then pending trial. Hamilton v. Empire Gas & Fuel Co., supra; Brooks v. Morgan, Tex.Civ.App., 121 S.W. 2d 398; Arenstein v. Jencks, Tex.Civ.App., 179 S.W.2d 831; Stephenson v. Nichols, Tex.Com.App., 286 S.W. 197; Gulf, C. & S. F. R. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 4 A.L.R. 613.

The case of Curl v. Jeppesen, Tex.Civ. App., 253 S.W.2d 73 (no writ history), is in point on this issue, as it has a similarly worded extension, and further holds that the trial of a case includes the hearing of the motion for new trial, and that a case is not concluded until all judicial acts pertaining to the trial and which have been duly invoked are done and recorded.

■ We therefore hold that the order complained of was a valid extension of the term of that court. It follows, therefore, that the motion for new trial was timely presented and heard. Such motion having been granted by the Presiding Judge, the case must be re-tried in the trial court, and the appeal to this court accordingly dismissed. It will not be therefore necessary to dispose of the other matters presented in the briefs.

The appeal is dismissed and the application for writ of prohibition filed in this court is denied.