**FERRIS BRICK COMPANY, Appellant,**

v.

**Rev. D. P. PRICE, Appellee.**

**No. 11488.**

Court of Civil Appeals of Texas.

Austin.

March 22, 1967.

Gardere, Porter & DeHay, Gordon H. Rowe, Jr., Dallas, for appellant.

McKool, McKool & Jones, James H. Billingsley, Dallas, for appeal.

HUGHES, Justice.

Rev. D. P. Price, appellee, sued R. D. Baker and appellant, Ferris Brick Company, a corporation, to recover damages for personal injuries allegedly sustained as a result of a collision between a truck belonging to appellant and then being operated by Baker, its employee, with an automobile which appellee was driving. Damages also were sought for repairs which appellee was obliged to make to car he was driving.

The case was tried to a jury on whose verdict judgment was rendered for appellee jointly and severally against Ferris and Baker for the sum of $8,000.00. This judgment was signed and entered of record April 6, 1966. Appellant filed its motion for a new trial April 14, 1966, and an amended motion for new trial on May 4, 1966. This motion was set for hearing and heard by the court on May 13, 1966. This amended motion for a new trial was granted by an order entered July 8, 1966. This order recited notice of appeal.

There is an uncontroverted affidavit in the transcript executed by attorneys for appellee that no agreement, in writing or otherwise, was entered into to postpone the determination of appellant's amended motion for a new trial to a date later than 45 days after the date it was filed.

On July 15, 1966, appellant filed a supersedeas bond which was duly approved. This bond recited that the appeal was taken only in the event "that the validity of the trial court's order of July 8, 1966 (grant-ing a new trial) should be decided adversely to it."

Appellant's first point is to the effect that the order of the trial court in granting it a new trial was a valid nonappealable order and that this appeal should be dismissed.

We sustain this point and dismiss the appeal. We do not discuss appellant's second and remaining point which relates to the merits of the appeal.

Appellant's motion for a new trial and amended motion for new trial were timely filed. Rule 329b, Texas Rules of Civil Procedure.

The amended motion was not determined by the trial court within 45 days from the date on which the amended motion was filed as required by the above rule and no agreement postponing the date of such determination having been made as authorized by the above Rule it was overruled by operation of law on the expiration of such 45 day period. Texas Van Lines, Inc. v. Templeton, 305 S.W.2d 646, Dallas Civ. App., writ ref., n. r. e. The date, then, on which appellant's amended motion for a new trial was overruled by operation of law was June 18, 1966.[1] The first and only action taken by the court on appellant's amended motion for a new trial was to grant it by order dated July 18, 1966. This order was entered within thirty days following the date on which such motion was overruled by operation of law. Section 5 of Rule 329b provides, in part, that judgments shall become final after the expiration of thirty days after the date of rendition of judgment or order overruling motion or amended motion for a new trial. The courts have held that during such period the trial court has control of such judgment or order and may "correct, amend or set it aside, with or without a motion." Herrera v. Talbert, 316 S.W.2d 952, San Antonio Civ.App., n. w. h.

---

1. June 18, 1966 was a Saturday, but this fact is of no materiality here.

**432**

The effect of granting the motion for new trial was to set aside the judgment previously rendered, and from such an order no appeal is provided. McAdams v. Starnes, 262 S.W.2d 735, El Paso Civ.App., writ ref., n. r. e.

We have no jurisdiction of this appeal; it is dismissed.

Appeal dismissed.